STATE OF NORTH CAROLINA v. RICHARD MARK SWIMM

No. 289PA85

(Filed 18 February 1986)

1. **Criminal Law § 138.13— court's comments on good time and gain time when setting sentence—no error**
    The trial court did not improperly consider the effect of good time and gain time on the length of the sentence in imposing a sentence in excess of the presumptive term for obtaining property by false pretenses where a close reading of the judge's remarks reveals that they were not an expression of dissatisfaction with the length of time convicted criminals must serve in prison, but were a response to defense counsel's argument concerning the fact that defendant would be required to serve other sentences at the expiration of the false pretense sentence. Furthermore, the trial judge's comments were an accurate statement of the law.

2. **Criminal Law § 138.14— proper sentencing consideration**
    A trial judge may consider defendant's conduct while in prison between his initial incarceration and resentencing in setting the new term of imprisonment; good behavior may constitute a mitigating factor which would support a sentence less than that originally imposed, while bad behavior may be found as an aggravating factor to be utilized in determining whether to impose a sentence no greater than that originally imposed. Conduct while incarcerated prior to the original trial or sentencing may be considered as a nonstatutory mitigating or aggravating factor by the trial judge at the initial sentencing hearing. N.C.G.S. 15A-1335, N.C.G.S. 15A-1340.4(a), N.C.G.S. 15A-1340.7(b).

**3. Criminal Law § 138.42— prison behavior—mitigating factor on resentencing—evidence insufficient**

> The trial court did not err when resentencing defendant for obtaining property by false pretenses by failing to consider as a nonstatutory mitigating factor defendant's good conduct in prison where the only evidence presented in support of the factor was defense counsel's statement that he had been informed that defendant had not incurred any infractions for violations of prison conduct rules.

ON defendant's petition for discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 74 N.C. App. 309, 328 S.E. 2d 307 (1985), finding no error in the judgment entered by *Albright, J.*, at the 12 December 1983 Criminal Session of Superior Court, GUILFORD County, sentencing defendant to a term of imprisonment of ten years upon his plea of guilty to the offense of obtaining property by false pretense.

*Lacy H. Thornburg, Attorney General, by Lucien Capone III, Assistant Attorney General, for the State.*

*Frederick G. Lind, Assistant Public Defender for the Eighteenth Judicial District, for defendant-appellant.*

MEYER, Justice.

At the 12 August 1982 Criminal Session of Superior Court, Guilford County, the defendant pled guilty to obtaining property by false pretense, five counts of conspiracy to file a false insurance claim, and two counts of filing a false insurance claim. On defendant's conviction of obtaining property by false pretense, the trial judge made findings in aggravation and mitigation, found that the aggravating factors outweighed the mitigating factors, and sentenced the defendant to the maximum ten-year term of imprisonment. The remaining charges were consolidated for judgment into three separate judgments. The defendant received the presumptive sentence for each of these three offenses, and the term of imprisonment for each was ordered to run consecutively beginning at the expiration of the ten-year sentence.

The defendant appealed from the imposition of the ten-year sentence on the obtaining property by false pretense charge. In an unpublished opinion filed 20 September 1983, the Court of Appeals held that the trial judge erred in finding certain factors in aggravation of the sentence and remanded the case for resentenc-

ing. At the completion of the resentencing hearing, the trial judge again sentenced the defendant to a term of imprisonment of ten years. The Court of Appeals found no error.

[1] The defendant brings forward two assignments of error. He initially contends that the trial judge considered improper factors in sentencing him to a term of imprisonment in excess of the three-year presumptive sentence for the crime of obtaining property by false pretense. Specifically, he argues that the trial judge improperly considered the effect of "good time"[1] and "gain time"[2] on the length of any sentence which might be imposed. In support of this argument, the defendant points to the following exchange between defense counsel and the trial judge:

[MR. LIND:] Also, Judge, it has come out that it was a mitigating circumstance that other people were apprehended and did come to court. We were hoping — We were hoping the first time that Your Honor would impose the presumptive sentence. He doesn't want this case in court anymore. I can't understand — I couldn't understand the 10 year sentence on that at the time and I still can't. The other sentences were stacked up at the expiration. They were all presumptives. I want Your Honor to keep in mind whatever sentence Your Honor gives him, he has a four year active sentence at the expiration of it.

THE COURT: Of course, that's the — He has good time, gain time, all these other matters for which that sentence gets cut drastically.

MR. LIND: I understand that, but he has sentences —

THE COURT: My point is, under the Fair Sentencing Act, the way the Legislature set that thing up now, it's a quick release option; the whole emphasis is on quick release, so

---

1. "Good time" is a procedure whereby an inmate receives credit for good behavior while incarcerated. Under "good time," an inmate is entitled to have one day deducted from his sentence for each day he remains in custody without a major infraction of prison conduct rules. N.C.G.S. § 15A-1340.7(b) (1985).

2. "Gain time" is a procedure whereby inmates receive credit in the form of time to be deducted from their sentences for work performed inside or outside the prison. The amount of credit awarded may vary from two days per month to six days per month. N.C.G.S. §  148-13(d) (1985).

that 14 years—If he had to serve 14 years—That was the theory under which originally the Fair Sentencing Act was being sold across the state, in which he got the sentence— that's what you would serve. There was no uncertainty; everybody would know that the Judge's sentence meant what it said. Well, that's not the case the way this matter is con- strued now, my point only being that any sentence the Court hands down by operation of law is reduced in half by good time and then reduced further by gain time and all these other things they are doing that I read about where it's presenting a defendant with a quick release option if he behaves himself. Of course, he doesn't have to get that good credit.

MR. LIND: Judge, the point I was going to make, that de- pends on his behavior; and of course, we submit he would be good and he would get that.

THE COURT: I am told they are letting them out fast, real fast.

The defendant argues that these comments by the trial judge clearly indicate that in imposing the maximum ten-year sentence for obtaining property by false pretense, the judge improperly considered the possible effect that "good time" and "gain time" might have on the length of the sentence. We do not agree.

The standard of review to be employed by appellate courts when scrutinizing a judge's decision to impose a sentence which deviates from the presumptive term was set out in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). There, we stated:

"There is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amount- ing to a denial of some substantial right. . . . A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest in- herent unfairness and injustice, or conduct which offends the public sense of fair play."

*Id.* at 597-98, 300 S.E. 2d at 697 (*quoting from State v. Pope*, 257 N.C. 326, 335, 126 S.E. 2d 126, 130 (1962) ). The defendant there- fore bears the burden of showing that the sentence imposed is in-

valid due to an abuse of discretion on the part of the trial judge or on the basis of procedural conduct or other circumstances prejudicial to him.

In prior cases, our courts have held that a defendant's sentence must be vacated and the case remanded for resentencing when the record affirmatively shows that the sentence was imposed after the trial judge stated dissatisfaction with the length of time committed offenders remain in custody and after he expressed an incorrect assumption as to the timing of parole eligibility. *State v. Hodge*, 27 N.C. App. 502, 219 S.E. 2d 568 (1975); *State v. Snowden*, 26 N.C. App. 45, 215 S.E. 2d 157, *cert. denied*, 288 N.C. 251, 217 S.E. 2d 675 (1975). However, we find neither of these factors to be present in this case.

A close reading of the trial judge's remarks concerning the effect of "good time" and "gain time" reveals that they were not an expression of dissatisfaction with the length of time convicted criminals must serve in prison. Instead, it is clear that they were made in an effort to respond to defense counsel's impassioned argument concerning the fact that the defendant would be required to serve other sentences totalling four years at the expiration of the sentence imposed on the false pretense conviction. We find no support for the defendant's allegation that "the trial court was using the sentencing process to thwart the Fair Sentencing Act." Furthermore, the trial judge's comments regarding the effect of "good time" and "gain time" were accurate statements of law. *See* N.C.G.S. § 15A-1355(c) (1985); N.C.G.S. § 15A-1340.7(b) (1985); N.C.G.S. § 148-13(d) (Cum. Supp. 1985). This assignment of error is overruled.

[2] The defendant next argues that the trial court erred by failing to find as a nonstatutory mitigating factor that he had exhibited good conduct since entering prison and had incurred no infractions. The Court of Appeals rejected this argument for two reasons: (1) the defendant failed to present sufficient evidence in support of this mitigating factor, and (2) good prison conduct is not an appropriate factor for consideration in mitigation of a sentence. We will examine these conclusions in reverse order.

Under the Fair Sentencing Act, the trial judge may consider any nonstatutory mitigating or aggravating factor that is proved by a preponderance of the evidence and which is reasonably relat-

ed to the purposes of sentencing. N.C.G.S. § 15A-1340.4(a) (1985). One of the purposes of sentencing is to impose a punishment commensurate with the injury inflicted by the offense, taking into account factors which may diminish or increase the offender's culpability. N.C.G.S. § 15A-1340.3 (1985).

Good prison conduct is not one of the specifically enumerated mitigating factors set out in N.C.G.S. § 15A-1340.4(a)(2). In *State v. Spears*, 314 N.C. 319, 333 S.E. 2d 242 (1985), we said that while a failure to find a *statutory* mitigating factor which was supported by uncontradicted, substantial, and manifestly credible evidence is reversible error, a trial judge's failure to find a *nonstatutory* mitigating factor, even when that factor is (1) requested by defendant; (2) proven by uncontradicted, substantial, and manifestly credible evidence; and (3) mitigating in effect, will not be disturbed absent a showing of abuse of discretion. *Spears* makes it clear that the decision of whether to find nonstatutory mitigating factors is a matter entrusted to the sound discretion of the trial judge. However, by holding that good prison conduct is not an appropriate factor for consideration in mitigation of a sentence, the Court of Appeals has ruled that a trial judge is absolutely precluded from considering a defendant's behavior while incarcerated in determining the sentence to be imposed.

We begin our discussion by noting that there are two scenarios under which this issue could arise. First, the defendant's conduct while incarcerated prior to trial could be raised at the sentencing hearing. Second, his conduct during the period between his initial incarceration after conviction and any resentencing hearing could be raised at the resentencing hearing.

With regard to the second possibility, the United States Supreme Court held, in *North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed. 2d 656 (1969), that a defendant's behavior while incarcerated may be considered by the trial judge at a resentencing hearing to determine the sentence to be imposed. In holding that neither double jeopardy principles nor the equal protection clause imposes an absolute bar to the imposition of a more severe sentence upon reconviction following a successful appeal, the Court stated:

> A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subse-

quent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." *Williams v. New York*, 337 US 241, 245, 93 L Ed 1337, 1341, 69 S Ct 1079. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in *Williams v. New York, supra*, that a State may adopt the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." *Id.*, at 247.

*Id.* at 723, 23 L.Ed. 2d at 668. *Pearce* clearly contemplates that a defendant's conduct while incarcerated after a conviction, whether good or bad, may be taken into consideration should it become necessary to resentence him.[3]

At least one other jurisdiction has recognized that a defendant's subsequent conduct while incarcerated may be taken into account by the trial judge upon resentencing. *See Osborne v. Commonwealth*, 378 Mass. 104, 389 N.E. 2d 981 (1979). We also note that another panel of our Court of Appeals has recognized that prison conduct may be considered as a nonstatutory mitigating factor. *State v. Corley*, 75 N.C. App. 245, 330 S.E. 2d 819 (1985), *on remand from* 310 N.C. 40, 311 S.E. 2d 540 (1984). Furthermore, our courts have held that when a defendant's sentence is vacated and the case remanded for resentencing due to the trial court's failure to find that he would not benefit from treatment provided youthful offenders, the court may consider his subsequent conduct while incarcerated in determining whether he would benefit from treatment as a committed youthful offender. *State v. Watson*, 65 N.C. App. 411, 309 S.E. 2d 2 (1983); *State v. Lewis*, 38 N.C. App. 108, 247 S.E. 2d 282 (1978).

3. Although *Pearce* involved a situation where a defendant was sentenced following a retrial, the Court's reasoning is equally applicable to situations where a defendant's conviction is upheld but he receives a new sentencing hearing due to error occurring at a prior sentencing hearing.

The State contends, however, that good prison conduct is a matter to be dealt with by the Department of Correction and is not a judicial concern. It is true that the Department of Correction is required to award "good time" for good behavior while incarcerated. N.C.G.S. § 15A-1355 (1985). Under "good time," an inmate is entitled to have one day deducted from his sentence for each day he remains in custody without a major infraction of prison conduct rules. N.C.G.S. § 15A-1340.7(b) (1985). The reduction in the time which an inmate must serve which results from the awarding of "good time" credits is therefore directly related to the length of the sentence imposed. We believe that a defendant's conduct while in prison during the interval between his initial incarceration after conviction and any resentencing hearing is a factor which the trial judge may consider in fixing the term of imprisonment against which the "good time" credits are awarded. A resentencing hearing is a de novo proceeding at which the trial judge may find aggravating and mitigating factors without regard to the findings made at the prior sentencing hearing. *State v. Jones*, 314 N.C. 644, 336 S.E. 2d 385 (1985). A defendant's behavior while incarcerated is relevant to a determination of his potential for rehabilitation and is thus a factor "reasonably related to the purposes of sentencing." Therefore, we hold that a defendant's good conduct while incarcerated during the period from his conviction until the time of his resentencing hearing may, in the discretion of the trial judge, be found as a nonstatutory mitigating factor under the Fair Sentencing Act.

We note that N.C.G.S. § 15A-1335 prohibits the trial court from resentencing a defendant to a term of imprisonment greater than the prior sentence less the portion of the prior sentence previously served. Thus, a trial judge in North Carolina may not consider a defendant's bad conduct during the period between his conviction and the resentencing hearing to *increase* his sentence. However, bad conduct may be found by the trial judge as a nonstatutory aggravating factor to be utilized by the judge in deciding the sentence to be imposed so long as the new sentence is no more severe than the original one.

The other scenario under which this issue could arise is that a defendant's conduct while incarcerated prior to the original trial and/or sentencing could be raised at the initial sentencing hearing. In this situation, an inmate's good behavior prior to the

original trial and/or the sentencing hearing may be found as a nonstatutory mitigating factor, and his bad conduct during the same time frame may be found as a nonstatutory aggravating factor.

[3] Another reason given by the Court of Appeals to support its holding that the trial court did not err in refusing to find this nonstatutory mitigating factor was its conclusion that the defendant failed to present sufficient evidence in support of this factor. The only evidence presented by the defendant in support of the existence of this factor was defense counsel's statement to the trial judge that the defendant and a parole officer with the Department of Correction had informed him that the defendant had not incurred any infractions for violations of prison conduct rules.

Under the Fair Sentencing Act, a trial court may not find an aggravating factor where the only evidence to support it is the prosecutor's mere assertion that the factor exists. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). Likewise, statements made by defense counsel during argument at the sentencing hearing do not constitute evidence in support of statutory mitigating factors. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). Such statements may, of course, constitute adequate evidence of the existence of aggravating or mitigating factors if the opposing party so stipulates. Based on *Jones*, we conclude that absent a stipulation by the prosecution, statements made by defense counsel during argument at the sentencing hearing do not constitute evidence which would support a finding of nonstatutory mitigating factors. Here, there was no stipulation by the prosecutor as to the correctness of defense counsel's statement concerning the defendant's good behavior while incarcerated. Furthermore, there is no evidence in the record or transcript which would support a finding of this nonstatutory factor. In short, there was simply no evidence upon which the trial court could base a finding of this mitigating circumstance. Based on this evidentiary failure, we hold that the Court of Appeals correctly found that the trial court did not err in failing to find this nonstatutory mitigating factor.

To summarize, under the Fair Sentencing Act, a trial court may, in its discretion and upon proper proof, consider a defendant's conduct while in prison during the interval between his ini-

tial incarceration after conviction and any resentencing hearing in setting his new term of imprisonment. Behavior during that time, if good, may constitute a mitigating factor which would support the imposition of a term of imprisonment less than that originally imposed. Defendant's conduct during that same time frame, if bad, may not be used as a basis to increase his sentence, but may be found as an aggravating factor to be utilized in determining whether to impose a sentence not greater than that originally imposed. Also, a defendant's conduct while incarcerated prior to his original trial and/or sentencing may be considered as a nonstatutory mitigating or aggravating factor by the trial judge at the initial sentencing hearing.

As modified herein, the decision of the Court of Appeals finding no error in the defendant's case is affirmed.

Modified and affirmed.