STATE OF NORTH CAROLINA v. CHARLES FRAZIER

No. 8520SC842

(Filed 6 May 1986)

**1. Larceny § 7.4— felonious possession of stolen property—evidence sufficient**

In a prosecution for felonious possession of stolen copper wire, defendant was precluded from challenging the sufficiency of the evidence by his failure to make a motion to dismiss at trial; however, even if he had made such a motion, the evidence was sufficient in that the State presented evidence showing that defendant sold United Scrap Processors 1,040 pounds of copper wire, all of the wire was placed in or beside a bin in a warehouse, the owner of American Rewinding identified the wire as being that stolen from American Rewinding, the owner estimated that there were approximately 2,200-2,500 pounds of copper in or about the bin, and the wire was valued at 45¢ per pound.

**2. Criminal Law § 138.28— aggravating factor—criminal record—prosecutor's unsworn statements—insufficient**

In a prosecution for felonious possession of stolen property, the prosecutor's unsworn statements as to defendant's prior criminal record were not competent to support a finding of an aggravating factor and, because no other factors in aggravation or mitigation were found, the case was remanded for entry of the appropriate presumptive sentence.

ON remand from the Supreme Court of North Carolina.

Appeal by defendant from *Collier, Judge.*

Defendant was indicted and convicted of felonious possession of stolen goods, namely, copper wire. He received a four-year prison sentence which exceeded the presumptive term of three years.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas D. Zweigart, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr. for defendant-appellant.*

WELLS, Judge.

[1] Defendant first contends that there was insufficient evidence that defendant, on 4 February 1985, possessed more than $400 worth of copper wire which was taken from American Rewinding, Inc. between 2 February and 4 February 1985 because the owner of American Rewinding failed to identify all of the copper wire he saw at United Scrap Processors on 6 February 1985 as being that stolen from American Rewinding. Defendant, however, is precluded from challenging the sufficiency of the evidence on appeal by his failure to make a motion to dismiss at trial. Rule 10(b)(3) of the Rules of Appellate Procedure. Even if he had made such a motion, his contention has no merit. The State presented evidence tending to show that defendant, on 4 February 1985, sold United Scrap Processors 1,040 pounds of copper wire, valued at $.45 per pound, all of which was placed in or beside a bin in a warehouse; that the owner of American Rewinding identified the wire in the bin on 6 February 1985 as being that stolen from American Rewinding; that all of the wire in or beside the bin had been purchased by United Scrap Processors from defendant on 4 February 1985 and 6 February 1985; and that the owner estimated that there were approximately 2,200-2,500 pounds of copper in or about the bin. We hold that the foregoing evidence was sufficient to withstand a motion to dismiss, had one been made.

[2] Defendant's remaining contention is that the prosecutor's unsworn statements as to defendant's criminal record were not competent evidence to support a finding of an aggravating factor that defendant had prior convictions. We agree and remand for entry of the appropriate presumptive sentence. In the sentencing phase of defendant's trial, the only presentation made by the State was the prosecutor's unsworn statement to the court as to defendant's records of prior convictions. "Under the Fair Sentencing Act, a trial court may not find an aggravating factor where the only evidence to support it is the prosecutor's mere assertion that it exists." *State v. Swimm,* 316 N.C. 24, 340 S.E. 2d 65 (1986), *citing*

*State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). The trial court erroneously found this factor. The trial court found no other factors in aggravation and none in mitigation. Under these circumstances, we remand for entry of the appropriate presumptive sentence.

This opinion supersedes our unpublished opinion in this case filed 17 December 1985.

No error in the trial;

Remanded for resentencing.

Judges PHILLIPS and COZORT concur.