STATE OF NORTH CAROLINA v. MICHAEL EUGENE WILLIAMS

No. 886SC301

(Filed 7 February 1989)

**Criminal Law § 138.28— aggravating factor of prior conviction—finding based only on prosecutor's statement—finding improper**

> The trial court erred in finding as an aggravating factor that defendant had a prior conviction for a criminal offense punishable by more than sixty days' confinement where the finding was based entirely on the prosecutor's oral representation as to defendant's record, and it was immaterial whether the prosecutor was reading from the official records of the Clerk of Court of Northampton County and whether the original records were present and available in the courtroom, since defendant neither offered those records into evidence nor sought defendant's stipulation as to what those records would show; furthermore, defendant's failure to object to the prosecutor's statement at the sentencing hearing was not fatal, since error based on the insufficiency of evidence as a matter of law can be reviewed absent an objection. N.C.G.S. § 15A-1446(d)(5) (1988).

APPEAL by defendant from *Phillips, Herbert O., III, Judge.* Judgment entered 29 June 1987 in NORTHAMPTON County Superior Court. Heard in the Court of Appeals 9 January 1989.

Defendant pled guilty to robbery with a dangerous weapon and no contest to assault with a deadly weapon with intent to kill inflicting serious injury. The evidence tended to show that defendant entered a small country store in Galatia, North Carolina and struck its seventy-two-year-old operator, Mr. Blythe, across the face with a tire iron. Medical evidence indicated that the man was struck five times. Defendant took approximately $180 from the cash register and fled. Blythe's wife saw him run out to his vehicle, drop the money as he ran, and drive away. Defendant later turned himself in to authorities in Hobgood, North Carolina and eventually made a statement admitting his guilt.

During the sentencing proceedings the prosecutor stated that defendant had two prior convictions for offenses punishable by more than sixty days' imprisonment. Based solely on this oral representation the trial court found as an aggravating factor that defendant had a prior conviction for a criminal offense punishable by more than sixty days' confinement. The trial court also found that the factor in aggravation outweighed those in mitigation: namely, that defendant had voluntarily acknowledged wrongdoing

and surrendered himself to law enforcement authorities. Defendant was sentenced to a term of twenty years on the charge of robbery with a dangerous weapon, a term in excess of the presumptive sentence. Defendant was sentenced to the presumptive six-year term for assault with a deadly weapon with intent to kill inflicting serious injury.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Robert J. Blum, for the State.*

*Charles J. Vaughan for defendant-appellant.*

WELLS, Judge.

Defendant first assigns error to the trial court's finding that he had a prior conviction, arguing that the prosecutor's oral representations were insufficient to prove this. The standard of proof required in order to find factors in aggravation or mitigation is preponderance of the evidence. N.C. Gen. Stat. § 15A-1340.4(a) (1988). A prosecutor's mere unsworn assertion that an aggravating factor exists is insufficient proof for the trial court to find it. *State v. Swimm*, 316 N.C. 24, 340 S.E. 2d 65 (1986); *State v. Frazier*, 80 N.C. App. 547, 342 S.E. 2d 534 (1986); *see also State v. Mack*, 87 N.C. App. 24, 359 S.E. 2d 485 (1987), *disc. rev. denied*, 321 N.C. 477, 364 S.E. 2d 663 (1988).

The State asserts that the prosecutor did not simply recite the prior convictions from memory, but read them at the sentencing hearing directly from the original court files. In a supplement to the record filed in this appeal, the district attorney has filed an affidavit stating that when he presented defendant's record of prior convictions, he was reading from the official records of the Clerk of Court of Northampton County and that the original records were present and available in the courtroom. He neither offered those records into evidence nor sought the defendant's stipulation as to what those records would show. *See* N.C. Gen. Stat. § 15A-1340.4(e).

Defendant's failure to object to the prosecutor's statement at the sentencing hearing, furthermore, was not fatal; error based on the insufficiency of evidence as a matter of law can be reviewed absent an objection. N.C. Gen. Stat. § 15A-1446(d)(5) (1988); *see also State v. Mack, supra.*

State v. Williams

While we recognize that upon resentencing, it is probable that this factor in aggravation will be properly established and considered, we must apply the law consistently and conclude that we are required to provide defendant with a new sentencing hearing. The trial court erred in finding the existence of the prior conviction based solely on the prosecutor's unsworn statement.

For the reasons stated, we vacate the sentence and remand for a new sentencing hearing.

Because of our disposition of this issue we do not consider defendant's other assignment of error.

Sentence vacated and remanded for resentencing.

Judges BECTON and JOHNSON concur.