STATE OF NORTH CAROLINA v. THOMAS NOLEN MULLICAN

No. 8818SC884

(Filed 15 August 1989)

**Criminal Law § 138.15— guilty plea—aggravating factors—position of trust—guilt of greater crime—prosecutor's statement of evidence**

The prosecutor's summary of the State's evidence upon defendant's guilty plea to attempted first degree sexual offense was sufficient to support the trial court's findings as factors in aggravation that defendant took advantage of a position of trust and that defendant was in fact guilty of the greater crime of first degree sexual offense where defense counsel's admission of the correctness of that summary in his own statement to the court constituted an admission by defendant that he had placed his penis in the mouth of the five-year-old niece whom he bathed, fed and took care of and with whom he lived. Moreover, because he failed to object to the district attorney's summary of the evidence offered upon his guilty plea, defendant waived his right to appeal any possible error regarding the evidence.

Judge GREENE dissenting.

APPEAL by defendant from Morgan (Melzer A.), Judge. Judgment entered 21 March 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 March 1989.

Defendant was indicted for a first degree sexual offense with a child under the age of thirteen. In exchange for his guilty plea to attempted first degree sexual offense the State agreed to reduce the charge and dropped an indecent liberties charge.

After a thorough and complete discussion of the plea negotiation with defendant and the defendant's plea of guilty, the trial judge asked for evidence from the State. The prosecuting attorney began by stating, "With the permission of the Court and the Defense, I will summarize what the State's evidence will show." She then summarized that defendant stuck his penis in the mouth of his five-year-old niece who lived in his home and whom defendant took care of by bathing her, washing her hair, and feeding her. In a statement to Officer Long, defendant admitted all of this.

STATE v. MULLICAN

[95 N.C. App. 27 (1989)]

Defendant remained silent, made no objection or motion throughout this statement of the State's evidence.

The court then asked, "Evidence for the defendant?" Counsel for defendant began by saying, "If it please the Court, I too would [not] like to delay our being heard and would present our evidence to the Court with the permission of the State." Counsel then summarized defendant's evidence in part as follows:

> . . . And evidently he lived there with his mother and sister would leave her child there and his mother would be there and his sister would go off and be gone for long periods of time, and sometimes she would not come home after work. And his mother might go and see some neighbors and come back later and sometimes later and later, and it was pretty much evident that he was stuck with care of the child. Of course that is not any excuse for his doing this. He told the Officer he was sorry, sorry for committing the offense. . . .

Following arguments by counsel the trial court found three mitigating factors and the following aggravating factors:

> (14) The defendant took advantage of a position of trust or confidence to commit the offense and, (16) The element of the greater offense of first degree sexual offense to which attempted first degree sexual offense is a lesser included offense was present here, to wit: there was actual penetration of the oral cavity of the five year old victim by the penus (sic) of the defendant.

The trial court concluded that the aggravating factors outweighed the mitigating factors and committed defendant for a period of 8 years greater than the presumptive term.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David Gordon, for the State.*

*Assistant Public Defender Frederick G. Lind for defendant appellant.*

ARNOLD, Judge.

Counsel for defendant who was also counsel at trial enigmatically now argues on appeal that since there was no formal stipulation at the sentence hearing "the prosecutor's mere assertion of the

STATE v. MULLICAN

[95 N.C. App. 27 (1989)]

evidence in a statement to the court is totally insufficient to support the findings in aggravation."

Defendant, citing cases such as *State v. Powell*, 254 N.C. 231, 118 S.E.2d 617 (1961), points out that while there is no particular form to be followed for a stipulation, the terms, nevertheless, must be definite and certain, and must be assented to by the parties.

A good case could be made on this record that there are no terms or issues which are not definite and certain. And, unlike *Powell*, there are no issues present here which are controverted by a not guilty plea. Furthermore, the *Powell* decision says silence is not an assent "*unless* the solicitor specifies that assent has been given." (Emphasis added.) *Powell* at 235, 118 S.E.2d at 620. However, it is unnecessary to discuss formal stipulations in this appeal.

Rather than characterize the prosecuting attorney's summary of the evidence as a "mere assertion" it is more appropriate to focus on the fact that defense counsel admitted the correctness of that summary in his own statement to the court. *See State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983). The message communicated to the trial court by defendant, through counsel, was very clear by conduct, syntax and vocabulary, and if not a stipulation, it was certainly an admission that defendant in fact stuck his penis in the mouth of the five-year-old niece whom he bathed, fed and took care of, and with whom he lived.

Therefore, there was sufficient evidence to support the findings in aggravation. *See State v. Daniel*, 319 N.C. 308, 354 S.E.2d 216 (1987), and *State v. Melton*, 307 N.C. 370, 298 S.E.2d 673 (1983).

Moreover, because he failed to object to the district attorney's summary of the evidence offered upon his guilty plea, defendant has waived his right now to appeal any possible error regarding this evidence. *State v. Bradley*, 91 N.C. App. 559, 373 S.E.2d 130 (1988), *disc. rev. denied*, 324 N.C. 114, 377 S.E.2d 238 (1989).

Affirmed.

Judge LEWIS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I dissent on two grounds. First, I believe defendant has properly preserved his assignment of error that the prosecutor's remarks were insufficient to prove the aggravating sentencing factors found by the trial court. *See generally* N.C.R. App. P. 10 (governing exceptions and assignments of error) (affecting judgments entered prior to 1 July 1989). With certain stated exceptions, Appellate Rule 10(a) limits the scope of appellate review to those exceptions which are set out in the record and asserted as a basis of an assignment of error. However, only those exceptions which have been properly "preserved" below may be set forth and asserted in this manner. The general rule states that "any exception which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal *by objection noted or which by rule or law was deemed preserved or taken without any such action*, may be set out in the record on appeal . . . and made the basis of an assignment of error." Appellate Rule 10(b)(1) (emphasis added) (labelled as the "general" rule). Since the transcript shows defendant did not preserve his exception by "objection noted," the question remains whether the exception was "by rule or law . . . deemed preserved or taken without any such action . . ." as allowed by Appellate Rule 10(b)(1). This court has reached different results over whether Section 15A-1446(d)(5) permits, absent an objection, a defendant to appeal the insufficiency of a prosecutor's remarks to prove an aggravating factor. *Cf.* N.C.G.S. Sec. 15A-1446(d)(5) (1988) (even though no objection, defendant may appeal issue whether "evidence was insufficient as a matter of law"); *compare State v. Williams*, 92 N.C. App. 752, 376 S.E.2d 21, *disc. rev. denied*, 324 N.C. 251, 377 S.E.2d 762 (1989) (permitting appeal under Section 15A-1446(d)(5) *and State v. Mack*, 87 N.C. App. 24, 359 S.E.2d 485 (1987), *disc. rev. denied*, 321 N.C. 477, 364 S.E.2d 663 (1988) (permitting appeal under Section 15A-1446(d)(5) *with State v. Bradley*, 91 N.C. App. 559, 373 S.E.2d 130, *disc. rev. denied*, 324 N.C. 114, 377 S.E.2d 238 (1989) (appeal without objection under Section 15A-1446(d)(5) unconstitutionally violates implicit requirements of Appellate Rule 10(b)(2) ).

The *Bradley* court held Section 15A-1446(d)(5) violates the rule "implicit" in Appellate Rule 10(b)(2) that a party must object to erroneous findings made by the trial court: "[A]ppellate Rule 10(b)(2) also explicitly requires a party to object to the failure of the court to make necessary findings and conclusions in order to advance

these issues on appeal . . . . Implicit in this rule is also an obliga-
tion on a party to object to erroneous findings by the trial court."
*Bradley*, 91 N.C. App. at 564, 373 S.E.2d at 133. The premise
of the *Bradley* analysis is mistaken. The only *objection* required
under Appellate Rule 10(b)(2) is an objection to jury instructions.
The remainder of Appellate Rule 10(b)(2) simply requires that *ex-
ceptions* to the failure to make findings or conclusions must set
out the omitted findings or conclusions. Appellate Rule 10(b)(2)
does not otherwise require any objections to preserve an exception
to the trial court's failure to make a finding or conclusion: that
issue is determined by the general rule stated in Appellate Rule
10(b)(1) that all exceptions must be preserved by objection noted
or as deemed preserved by rule or law without objection.

Therefore, I believe defendant's exception was preserved
without objection under Section 15A-1446(d)(5). However, I also
believe defendant's exception is in any event deemed preserved
without objection under Section 15A-1446(d)(18) which permits an
appeal without an objection when "the sentence imposed was
unauthorized at the time imposed, exceeded a maximum authorized
by law, was illegally imposed, or is otherwise invalid as a matter
of law." To the extent Section 15A-1446(d)(18) is not inconsistent
with any other appellate rule, Section 15A-1446(d)(18) may be util-
ized to preserve an error under the general rule stated in Appellate
Rule 10(b)(1). *Cf. State v. Stocks*, 319 N.C. 437, 355 S.E.2d 492
(1987) (Section 15A-1446(d)(5) inapplicable "to the extent" inconsist-
ent with Appellate Rule 10(b)(3) ); *State v. Gordon*, 316 N.C. 497,
342 S.E.2d 509 (1986) (holding defendant failed to preserve excep-
tion by not complying with Section 15A-1446(d)(9) ). Given the minimal
guarantee of reliable information at a sentencing hearing required
under *Swimm* and the cases discussed below, I would in any event
consider defendant's assignment under our "plain error" review
or as arguably raising a "manifest injustice" justifying the invoca-
tion of Appellate Rule 2 to suspend the formal requirements of
Appellate Rule 10. *See State v. Albert*, 312 N.C. 567, 580, 324
S.E.2d 233, 241 (1985) (invoking Rule 2 where defendant failed to
argue in brief that trial judge failed to find mitigating factor to
which prosecutor stipulated).

Since the prosecutor only presented a proposed summary of
evidence to the trial court without defendant's express stipulation
to its correctness, defendant contends there was no evidence
presented at the sentencing hearing to support the prosecutor's

assertions that defendant performed fellatio on the victim while the victim was under the defendant's care. I agree. Although the determination of guilt at trial is accomplished with an "accusatorial" model which relies upon "spirited, adversary presentation of evidence to a detached, reactive fact finder," sentencing hearings are primarily "inquisitorial" proceedings which are "less formalistic and advance an investigatory, proactive focus." J. Weissman, *Sentencing Due Process: Evolving Constitutional Principles*, 18 Wake Forest L. Rev. 523, 533-34 (1982). The sentencing judge is permitted to consider factors and information which might ordinarily be excluded during trial since the broad purpose of the sentencing hearing is to determine which criminal sanction will best serve the sentencing purposes stated in Section 15A-1340.3. *See State v. Smith*, 300 N.C. 71, 81-82, 265 S.E.2d 164, 171 (1980); *cf.* N.C.G.S. Sec. 15A-1340.3 (1988) (enumerating sentencing purposes). Section 15A-1334(b) sets forth certain procedural guidelines during sentencing but disclaims the application of the formal rules of evidence. N.C.G.S. Sec. 15A-1334(b) (1988).

However, our courts have recognized that the goal of achieving a complete picture of the circumstances surrounding the defendant's crime is nevertheless not served by the reception of information which is inherently unreliable. *See United States v. Tucker*, 404 U.S. 443, 447-48, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *see also* 18 Wake L. Rev. at 534-35 (analyzing need for "complete" versus "reliable" information). Thus, it was held before the enactment of the Fair Sentencing Act that the trial court could not base its sentence on "unsolicited whispered representations and rank hearsay." *State v. Pope*, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962). More specifically, although the prosecutor and defense counsel are permitted under Section 15A-1334(b) to make "arguments on facts relevant to the sentencing decision," our Supreme Court and this court have often held that such arguments by the prosecutor or defense counsel are themselves insufficient as a matter of law to prove the existence of a sentencing factor:

> Under the Fair Sentencing Act, a trial court may not find an aggravating factor where the only evidence to support it is the prosecutor's mere assertion that the factor exists . . . Likewise, statements made by defense counsel during argument at the sentencing hearing do not constitute evidence in support of statutory mitigating factors . . . Such statements may, of course, constitute adequate evidence of the existence

STATE v. MULLICAN

[95 N.C. App. 27 (1989)]

> of aggravating or mitigating factors *if the opposing party so stipulates . . . [A]bsent a stipulation by the prosecution, statements made by defense counsel during argument at the sentencing hearing do not constitute evidence which would support a finding of non-statutory mitigating factors.* Here, there was no stipulation by the prosecutor as to the correctness of defense counsel's statement concerning the defendant's good behavior while incarcerated. Furthermore, there is no evidence in the record or transcript which would support a finding of this non-statutory factor. In short, there was simply *no* evidence upon which the trial court could base a finding of this mitigating circumstance. . . .

*State v. Swimm,* 316 N.C. 24, 32, 340 S.E.2d 65, 70-71 (1986) (emphasis added); *accord State v. Thompson,* 309 N.C. 421, 424-25, 307 S.E.2d 156, 159 (1986) (prosecutor's unsworn statements based on "memory" and "indication on folder" deemed insufficient to prove prior convictions); *State v. Albert,* 312 N.C. 567, 579, 324 S.E.2d 233, 240-41 (1985) (counsel's assertion that defendant had "no record at all in her lifetime" failed to show absence of criminal record as mitigating factor); *State v. Williams,* 92 N.C. App. 752, 376 S.E.2d 21, *disc. rev. denied,* 324 N.C. 251, 377 S.E.2d 762 (1989); *State v. Mack,* 87 N.C. App. 24, 359 S.E.2d 485 (1987), *disc. rev. denied,* 321 N.C. 477, 364 S.E.2d 663 (1988); *see also State v. Powell,* 254 N.C. 231, 235, 118 S.E.2d 617, 619 (1961) (unilateral statement by the solicitor may not be considered as evidence). Based on this ample precedent, it is clear the respective summaries of proposed evidence by the prosecutor and defense counsel in this case were *both* insufficient to show any sentencing factors *unless* the opposing party stipulated or admitted the correctness of the summaries as required under *Swimm.*

Thus, the dispositive issue is whether defense counsel's own statements or silence constituted a stipulation to the correctness of the summary of proposed evidence recited by the prosecutor. The majority contends the quoted remarks by defense counsel that defendant told the arresting officer that he was "sorry for committing the offense" constituted an unequivocal admission of the truth of the prosecutor's assertion that defendant committed fellatio on the victim while the victim was under his care. While defense counsel's remarks arguably state facts showing that defendant committed an offense while caring for the victim, there is not one reference in counsel's remarks to the oral penetration which the

prosecutor asserted. Therefore, there was no evidence presented of the aggravating factor that "the element of the greater offense of first-degree sexual offense was present here, to wit: there was actual penetration of the oral cavity of the five-year-old victim by the penus [sic] of the defendant." "A stipulation is a judicial admission . . . . It has been the policy of this Court . . . to restrict their effect to the extent manifested by the parties in their agreement . . . . 'Stipulations will receive a reasonable construction with a view to effecting the intent of the parties; but in seeking the intention of the parties, the language used will not be so construed as to give the effect of an admission of a fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished . . . .'" *Rickert v. Rickert*, 282 N.C. 373, 379-80, 193 S.E.2d 79, 83 (1972) (citations omitted).

In its statement of facts, the majority states defendant admitted committing fellatio on the victim "[i]n a statement to Officer Long . . . ." Officer Long did not testify nor was his alleged statement introduced at the sentencing hearing nor included in the record on appeal; therefore, the only evidence of fellatio at the sentencing hearing was the prosecutor's assertion that defendant told Officer Long he had committed fellatio on the victim. Under *Swimm*, this is no evidence at all. *See Williams*, 92 N.C. App. at 753, 376 S.E.2d at 22 (where prosecutor did not offer records in evidence or seek stipulation to their contents, court rejected assertion that prosecutor read directly from records). While it is true the defense counsel stated defendant was "sorry" he committed the "offense," the transcript of plea in the record shows the "offense" defendant admitted by his guilty plea was *attempted* first-degree sexual offense in which oral penetration is not an element. Defense counsel never made any other reference to the prosecutor's specific assertions that defendant performed fellatio on the victim. "While a stipulation need not follow any particular form, its terms must be *definite and certain* in order to afford a basis for judicial decision, and it is essential that they be asserted to by the parties or those representing them." *State v. Toomer*, 311 N.C. 183, 189, 316 S.E.2d 66, 70 (1984) (emphasis added) (quoting *State v. Powell*, 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961)). "An unilateral statement by the solicitor may not be considered as evidence. Silence will not be construed as assent thereto *unless the solicitor specifies that assent has been given*. The court inadvertently [falls] into error by not insisting upon a full, complete,

definite and solemn admission and stipulation." *Powell*, 254 N.C. at 235, 118 S.E.2d at 620 (emphasis added).

As the Court clearly stated in *Powell*, the defendant's silence cannot be construed as an admission of the prosecutor's remarks unless the prosecutor actually specifies that the defendant has so stipulated. *Id.* As in *Powell* and *Toomer*, the prosecutor here did not assert that defendant actually stipulated to the correctness of his remarks. Given the ambiguous reference by defense counsel to defendant's feeling sorry about the "offense," counsel's words certainly did not make "definite and certain" the terms of any stipulation that defendant committed fellatio on the victim. Thus, the trial judge erroneously considered the prosecutor's arguments as evidence without "insisting upon a full, complete, definite and solemn admission and stipulation" by defendant that the remarks were correct. *Powell*, 254 N.C. at 235, 118 S.E.2d at 620.

The facts of *State v. Albert*, 312 N.C. 567, 324 S.E.2d 233 (1985) illustrate the distinction between a mere assertion that a fact exists and a stipulation the fact exists. In *Albert*, the defendant's attorney asserted the defendant had "no record at all in her life time" and had "never been in court before" except as a juror. Based on these assertions, the *Albert* Court stated that the defendant had "failed to carry her burden on this factor." However, the record also disclosed the prosecutor subsequently admitted the correctness of the defense counsel's assertions:

> [T]he record discloses that the trial court inquired of the prosecutor, 'Mr. Solicitor do any of [the three defendants] have a prior criminal record?' The prosecutor answered 'Only Mr. Dearen . . . ' Inasmuch as the State appears to have stipulated that neither the defendant Mills nor the defendant Albert had a criminal record, we hold that the trial court erred in failing to find this fact in mitigation.

312 N.C. at 579-80, 324 S.E.2d at 241. In *Albert*, the prosecutor's specific response to a direct inquiry by the trial court that only one of the defendants had a criminal record constituted a clear admission that the other two defendants had no criminal record. In *State v. Brewer*, 89 N.C. App. 431, 366 S.E.2d 580, *cert. denied*, 322 N.C. 482, 370 S.E.2d 229 (1988), the prosecutor stated that defendant had an eleven-year-old conviction and a fourteen-year-old conviction. Where the defense counsel responded by emphasizing that defendant's record "indicates no convictions for almost *ten*

years" (emphasis added), this court cited *Albert* and held the assertion by counsel that defendant had no convictions for at least ten years was "tantamount" to an admission that defendant did have the eleven- and fourteen-year-old convictions asserted by the prosecutor. 89 N.C. App. at 436, 366 S.E.2d at 583. Although Brewer clearly extends the scope of *Albert*, the instant case is distinguishable even from *Brewer* since defense counsel in this case never referred to any specific remark by the prosecutor such that there was even a negative implication that he conceded the correctness of the prosecutor's specific assertions.

The State also notes that the prosecutor commenced her summary of proposed evidence by stating, "With the permission of the Court and the Defense, I will summarize what the State's evidence *will* show." (T. 10) (emphasis added). Even assuming no stipulation was entered, the State contends the defendant "waived" his "right" to any stipulation when defendant's counsel began his own remarks with the statement, "If it please the Court, I too would [not] like to delay our being heard and would present our evidence to the Court with the permission of the State." (T. 12.) Contrary to the State's assertion, the requirement of a stipulation is not a technical remnant of the formal rules of evidence. The State has the burden of producing evidence of aggravating factors to rebut the presumption that the presumptive sentence mandated by the Legislature best serves the purposes of sentencing set forth in Section 15A-1340.3. *See State v. Canty*, 321 N.C. 520, 364 S.E.2d 410 (1988). Absent the defendant's stipulation to their correctness, the prosecutor's unsworn assertions are under *Swimm* and the cases cited earlier *no* evidence of the existence of any aggravating factors. The defense counsel's announcement that he too was going to summarize proposed evidence was, absent the State's stipulation to its correctness, as insufficient to prove any mitigating factors as the prosecutor's unsworn assertions were to prove any aggravating factors. Irrespective of how insufficient defendant's evidence was to discharge his own burden to show mitigating factors, the defense counsel's silence or remarks did not show defendant's intent to discharge the State from *its* burden to show by a preponderance of the evidence that aggravating factors existed. Thus, this case is distinguishable from cases where the defendant's silence waives certain defenses or objections which he has the burden to bring forward. *Cf. State v. Thompson*, 309 N.C. 421, 427, 307 S.E.2d 156, 159 (1986) (*after* State adequately proves prior convictions,

defendant has burden at hearing to challenge validity of conviction based on indigency and lack of counsel).

Accordingly, I would reject the State's contention that the defendant's own presentation of insufficient evidence somehow waived the statutory requirement that the State prove its own case by a preponderance of evidence. In a criminal case, the defendant is entitled to remain silent and make the State prove its case: the State here in effect contends defendant's silence is a stipulation to the correctness of the assertions by the prosecutor. I would reject this contention just as our Supreme Court explicitly rejected it in *Powell* and *Toomer*. I also note that there is no mention in the published reports of *Swimm* and the cases noted earlier of any objection during the sentencing hearing by those defendants. Pursuant to its active inquisitorial function during sentencing, the trial court has the duty to examine all the evidence presented to determine if it would support any of the statutory sentencing factors, even absent a request by counsel. *See State v. Cameron*, 314 N.C. 516, 520, 335 S.E.2d 9, 11 (1985). Unlike the trial court in *Albert*, the trial court here did not inquire as to the correctness of the assertions being made by the prosecutor and defense counsel. The lack of any stipulation that defendant committed fellatio on the victim resulted in defendant's sentence being improperly enhanced based on assertions by the prosecutor that are not evidence under the case law of this state. Since the remarks by both the prosecutor and defense counsel were not evidence under *Swimm*, I would vacate and remand to the trial court for resentencing in accord with *Swimm* and the cases cited earlier.