IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1082

Filed: 4 February 2020

Mecklenburg County, No. 17 CRS 030256

STATE OF NORTH CAROLINA

v.

MYLEICK SHAWN PATTERSON, Defendant.

Appeal by Defendant from judgment entered 10 May 2018 by Judge Karen Eady-Williams in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 June 2019.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Creecy C. Johnson, for the State.*

*Gilda C. Rodriguez for defendant-appellant.*

MURPHY, Judge.

Defendant argues the trial court committed plain error by admitting certain photos into evidence during trial, but he does not state any reason or argument for why the alleged error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Without this, we lack the information necessary to give a meaningful review of Defendant's plain error issue. We take that argument as abandoned.

Defendant also argues, and the State concedes, the trial court erred by sentencing him in the aggravated range. There was insufficient evidence presented to the trial court to support the finding of an aggravating factor.

Next, Defendant argues, and the State concedes, the trial court erred when assessing attorney fees. Nothing in the Record indicates that Defendant was afforded any opportunity to be heard on the issue of attorney fees. We vacate Defendant's sentence and the civil judgment for attorney fees and remand to the trial court for further proceedings on both matters.

Finally, we dismiss without prejudice Defendant's claim of ineffective assistance of counsel because the cold record reveals that further investigation is required before we may pass on that issue.

## BACKGROUND

This appeal arises out of two judgments: a criminal judgment finding Defendant, Myleick Patterson, guilty of financial card theft; and a civil judgment ordering him to pay court-appointed attorney fees. The jury convicted Defendant of one count of financial card theft. The trial court sentenced him to 8 to 19 months imprisonment, which was suspended, and placed him on 24 months supervised probation. Defendant stipulated to being a Prior Record Level II, and the trial court imposed a sentence in the aggravated range for a Class I Felony with a Prior Record Level II. This was based on aggravating factor 12a per N.C.G.S. § 15A-

1340.16(d)(12a) (2019). The trial court also did not discuss with Defendant the assessment of attorney fees. Outside of Defendant's presence, the trial court later entered a civil judgment of $2,250.00 against him for attorney fees.

Defendant appeals under N.C.G.S. §§ 7A-27(b) and 15A-1444(a) from a final judgment of the Superior Court. A *Petition for Writ of Certiorari* was also filed asking us to allow review of his conviction in the event we deem his oral notice of appeal insufficient. Defendant also appeals from the civil judgment entered against him, but he did not file a notice of appeal that satisfies the requirements of N.C. R. App. P. 3(a). Accordingly, Defendant has filed a *Petition for Writ of Certiorari* concurrently with his brief, seeking review under N.C. R. App. P. 21.

## ANALYSIS

### A. Jurisdiction

**1. Motion to Dismiss**

A threshold issue is whether we should allow the *State's Motion to Dismiss Defendant's Appeal from Civil Judgment*. We have previously determined that judgments entered against a defendant for attorney fees and appointment fees constitute civil judgments, which require a defendant to comply with Rule 3(a) of the North Carolina Rules of Appellate Procedure when appealing from those judgments. *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 697 (2008) (citing *State v.*

*Jacobs*, 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007) (per curiam)). Rule 3(a) provides that any party

> entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subsection (c) of this rule.

N.C. R. App. P. 3(a) (2019). Under Rule 3(c), a party must file and serve notice of appeal within thirty days after entry of judgment. N.C. R. App. P. 3(c) (2019). "Failure to give timely notice of appeal in compliance with . . . and [this rule] of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must be dismissed." *Booth v. Utica Mut. Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983).

Here, the criminal judgment against Defendant was entered on 10 May 2018, while the civil judgment granting attorney fees was entered on 28 June 2018. Defendant gave oral notice of appeal from the criminal judgment in open court on 10 May 2018. The Record, however, does not indicate that Defendant gave written notice of appeal from the 28 June 2018 civil judgment in accordance with the requirements of Rule 3(a).

Defendant concedes in his *Petition for Writ of Certiorari*, "[t]he time for filing a valid notice of appeal has now expired and [Defendant] may lose his appeal of right." We allow the *State's Motion to Dismiss Defendant's Appeal from Civil Judgment*

imposing attorney fees. As the State's motion to dismiss is allowed, we turn to whether we should allow Defendant's *Petition for Writ of Certiorari.*

**2. Petition**

"The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a)(1) (2019). We have discretion to allow certiorari to review all judgments. *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005) ("While this Court cannot hear defendant's direct appeal [for failure to comply with Rule 4], it does have the discretion to consider the matter by granting a petition for writ of *certiorari*[.]"). As discussed above, Defendant failed to comply with the requirements for appealing the civil judgment. He also failed to meet the Rule 4 requirements for appealing a criminal judgment because, as he admits, "the oral notice of appeal may have been insufficient and a written notice of appeal was not filed pursuant to Rules 4(b) and 4(c) of the North Carolina Rules of Appellate Procedure[.]" Defendant may also be denied his right to appeal the 10 May 2018 criminal judgment for not meeting these requirements, but Defendant contends it would be in the interest of justice for us to allow his appeals of the criminal and civil judgments entered against him.

In the exercise of our discretion, we allow the *Petition for Writ of Certiorari* here as it relates to Defendant's criminal conviction and sentencing. Whether we should allow the *Petition for Writ of Certiorari* as it relates to the civil judgment for attorney fees is a separate question.

We have stated that, under N.C.G.S. § 7A-455(b), "the trial court may enter a civil judgment against a convicted indigent defendant for the amount of fees incurred by the defendant's court-appointed attorney." *State v. Jacobs*, 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005). We have declared that a defendant is entitled to notice and the opportunity to be heard regarding the amount of the fee award:

> [B]efore entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C.G.S. § 7A-455, trial courts should ask defendants—personally, not through counsel—whether they wish to be heard on the issue. Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.

*State v. Friend*, 257 N.C. App. 516, 523, 809 S.E.2d 902, 907 (2018).

After Defendant's sentencing, the transcript reveals that Defendant's counsel's total hours and corresponding fees were not yet available and that the trial court did not engage Defendant in a colloquy to afford him the opportunity to be heard on his court-appointed attorney fee. We allow the petition and issue the writ to review the civil judgment.

## B. Plain Error

The first substantive issue on appeal is whether the trial court committed plain error when it admitted two photos into evidence under Rules 901 and 403. We "apply the plain error standard of review to unpreserved instructional and evidentiary errors in criminal cases." *State v. Maddux*, 371 N.C. 558, 564, 819 S.E.2d 367, 371 (2018) (reaffirming the plain error standard from *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012)). One element of plain error is the alleged error "must seriously affect the fairness, integrity or public reputation of judicial proceedings." *State v. Thompson*, 254 N.C. App. 220, 224, 801 S.E.2d 685, 693 (2017) (internal marks and citations omitted); *see State v. Juarez*, 369 N.C. 351, 358, 794 S.E.2d 293, 300 (2016) (holding our "analysis was insufficient to conclude that the alleged error rose to the level of plain error" when we "failed to analyze whether such error had the type of prejudicial impact that seriously affected the fairness, integrity or public reputation of the judicial proceeding") (internal marks and citation omitted). "[P]lain error is to be 'applied cautiously and only in the exceptional case.'" *Maddux*, 371 N.C. at 564, 819 S.E.2d at 371 (quoting *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334).

Moreover, "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(6) (2019); *see State v. Steen*, 352 N.C. 227, 264, 536 S.E.2d 1, 23 (2000) (concluding that a defendant abandoned an assignment of error when the defendant made "no such

assessment or argument with cited authorities" and did "not present [the] assignment of error in a way for this Court to give it meaningful review"). It is not our role "to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). "That burden rests solely with the appellant." *Krause v. RK Motors, LLC*, 252 N.C. App. 135, 140, 797 S.E.2d 335, 339 (2017). Defendant is missing necessary reasons or arguments as to why the alleged error rises to plain error. He offers nothing on why this is an exceptional case or why this will seriously affect the fairness, integrity, or public reputation of judicial proceedings. Even if there are no magic words required to invoke our plain error analysis, we do not see the words "exceptional," "fairness," "integrity," or "reputation" anywhere in Defendant's briefs. Without any information on this portion of plain error review, we cannot impart any meaningful review for plain error. Thus, this issue is taken as abandoned and is dismissed.

## C. Sentencing

Defendant argues that he is entitled to a new sentencing hearing. He contends the trial court erred in finding an aggravating factor beyond a reasonable doubt. Sentencing errors are preserved for appellate review even if the defendant fails to object at the sentencing hearing. *State v. Jeffery*, 167 N.C. App. 575, 579, 605 S.E.2d 672, 674 (2004). We review sentencing errors for "whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing." *State v. Deese*, 127 N.C.

App. 536, 540, 491 S.E.2d 682, 685 (1997). Whether the sentence is supported by sufficient evidence is a question of law, *see State v. Williams*, 92 N.C. App. 752, 753, 376 S.E.2d 21, 22 (1989), we review de novo. *State v. Cox*, 367 N.C. 147, 151, 749 S.E.2d 271, 275 (2013).

The State has the burden of proof to establish the existence of an aggravating factor beyond a reasonable doubt. N.C.G.S. § 15A-1340.16(a) (2019). If "the trial judge errs in finding an aggravating factor and imposes a sentence in excess of the presumptive term, the case must be remanded for a new sentencing hearing." *State v. Wilson*, 338 N.C. 244, 259, 449 S.E.2d 391, 400 (1994).

Here, the State sought to use aggravating factor 12a at sentencing, requiring it to prove that "[t]he defendant ha[d], during the 10-year period prior to the commission of the offense for which the defendant [was] being sentenced, been found by a court of this State to [have been] in willful violation of the conditions of probation imposed pursuant to a suspended sentence[.]" N.C.G.S. § 15A-1340.16(d)(12a) (2015). However, as the State admits, the prosecutor "did not present evidence at trial that defendant violated conditions of probation at any time prior to the commission of the current offense." The State concedes, and we agree, there was insufficient evidence presented at trial to support the finding of an aggravating factor. We thus vacate the sentence imposed and remand to the trial court for resentencing.

### D. Attorney Fees

Defendant argues the trial court erred in ordering the payment of court-appointed attorney fees without affording him a direct opportunity to be heard on the issue. Whether the trial court gave a defendant adequate "notice and an opportunity to be heard regarding the total amount of hours and fees claimed by the court-appointed attorney" is a question of law, *Jacobs*, 172 N.C. App. at 236, 616 S.E.2d at 317, we review de novo. *Cox*, 367 N.C. at 151, 749 S.E.2d at 275. To have been given an "opportunity to be heard," "trial courts should ask defendants—personally, not through counsel—whether they wish to be heard on the issue." *See Friend*, 257 N.C. App. at 523, 809 S.E.2d at 907.

> Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.

*Id.*

The State admits that neither "the transcript nor the Record on Appeal in this case indicate that [D]efendant was afforded any opportunity to be heard on this issue." It also "concedes that if the [Petition for Writ of Certiorari] is granted, the civil judgment for attorney[] fees must be vacated and remanded to the trial court for further proceedings." We agree with the State's concession where the trial court never directly asked Defendant whether he wished to be heard on the issue and there is no other evidence that the *Friend* structure was satisfied. At best, the trial court

- 10 -

asked Defendant's lawyer to "guesstimate [the number of hours worked] so [Defendant] will have an idea as to what the legal fees will be?" The trial judge then said, "I don't know if [Defendant] is aware, to the extent you can separate his out from the others." This question and statement to Defendant's counsel is insufficient evidence to demonstrate that Defendant received notice, was aware of the opportunity to be heard on the attorney fees issue, or chose not to be heard. Thus, we vacate the civil judgment for attorney fees and remand to the trial court for further proceedings.

## E. Ineffective Assistance of Counsel

Defendant last argues that, in the event we do not find plain error, we should analyze whether his defense counsel at trial invited error by stating he "had no objection for illustrative purposes" to the admission of certain pictures. Defendant argues his constitutional right to receive effective assistance of counsel was violated if defense counsel's actions invited error.

"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense." *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 80 L.Ed.2d 674 (1984)). However, "[i]t is well established that ineffective assistance of counsel claims brought on direct review will be decided on the merits [only] when the

cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Burton*, 251 N.C. App. 600, 604, 796 S.E.2d 65, 68 (2017) (quoting *State v. Turner*, 237 N.C. App. 388, 395, 765 S.E. 2d 77, 83 (2014)). "[S]hould [we] determine that IAC claims have been prematurely asserted on direct appeal, [we] shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent motion for appropriate relief proceeding." *State v. Stimson*, 246 N.C. App. 708, 713, 783 S.E.2d 749, 752 (2016) (quoting *State v. Fair*, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001) (alterations omitted)).

Here, defense counsel did object to the admission of two pictures "for substantive purposes," but he had "no objection for illustrative purposes." Defendant makes no argument about what the prevailing professional norms are in that situation, nor does he argue that an objection to the admission of evidence for substantive purposes is insufficient to uphold such norms. The cold record reveals that further investigation is required. Hence, we decline to reach this issue and dismiss without prejudice to Defendant's ability to file a motion for appropriate relief in the trial court.

## CONCLUSION

We conclude Defendant has abandoned his plain error argument because Defendant has not argued whether the alleged error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. We vacate the civil judgment for attorney fees, vacate Defendant's aggravated sentence, and remand to the trial court for further proceedings on both matters. We also dismiss without prejudice Defendant's ineffective assistance of counsel claim.

DISMISSED IN PART; VACATED AND REMANDED IN PART.

Judges TYSON and YOUNG concur.