STATE OF NORTH CAROLINA v. MARTHA ISOM

No. 8126SC19

(Filed 2 June 1981)

1. **Criminal Law § 162— necessity for objection to evidence**

When there is no objection to an offer of evidence or a motion to strike after its admission, any objection or exception is lost.

2. **Obstructing Justice § 2— intimidating a State's witness—sufficiency of warrant**

A warrant was sufficient to charge defendant with the offense of intimidating the State's witness in violation of G.S. 14-226 where it alleged that defendant did "threaten or in any other manner intimidate or attempt to intimidate" a named person who had been summoned as a witness in district court of this State in an attempt to prevent the witness from attending court by threatening by telephone to physically injure the ten-year-old daughter of the witness if the witness did not drop charges preferred against defendant for communicating threats.

3. **Criminal Law § 69— telephone call—insufficient foundation for testimony—harmless error**

In a prosecution for intimidating a State's witness, the trial court erred in failing to strike testimony by the prosecutrix's brother, in response to a question as to whether he had received any calls from defendant, that "the next day she called my number, which was the only number that she had for [the prosecutrix]," since no proper foundation was laid for the testimony; however, such error was not prejudicial to defendant where other evidence was before the jury without objection that defendant had called the prosecutrix while she was living with her brother and that the brother had talked with defendant on the telephone many times and was familiar with her voice.

4. **Obstructing Justice § 1— intimidating State's witness—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution of defendant for intimidating a State's witness where it tended to show that the witness testified against defendant in district court on a charge of com-

municating threats; defendant was convicted on that charge and appealed for a trial de novo in the superior court; and on the day after her conviction defendant by telephone threatened to kill the witness's ten-year-old daughter if the witness did not drop the charges against defendant for communicating threats.

APPEAL by defendant from *Gaines, Judge.* Judgment entered 31 July 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 May 1981.

Defendant was tried separately and convicted under two warrants for communicating threats and for intimidating a State's witness in District Court, Mecklenburg County. She appealed for trials *de novo* and both appeals were tried jointly in Mecklenburg County Superior Court.

The State presented evidence at trial tending to show that defendant had a homosexual relationship with Nancy Phillips [also appearing in the record as "Nancie Phillips"], the prosecuting witness. Problems arose between them and defendant threatened to throw acid in Ms. Phillips' face if she refused to meet with defendant to engage in homosexual activity. Ms. Phillips refused defendant's demands and swore out a warrant against her charging her with communicating a threat. On the day following defendant's conviction on this charge in Mecklenburg County District Court, May 15, defendant called Ms. Phillips and threatened to kill her ten-year-old daughter if Ms. Phillips did not drop the charges against defendant. Defendant also called Ms. Phillips' brother, with whom Ms. Phillips lived, and again threatened to kill Ms. Phillips' daughter if defendant went to jail on the charges. At that time, defendant's conviction for communicating threats had been appealed for a trial *de novo* to superior court.

Defendant testified that she had been intimate with Ms. Phillips for about 18 or 19 months and that they had "broken up" about Valentine's Day of 1980. Since that time, they had been "off and on" because defendant was seeing another girl. She had never threatened to harm Ms. Phillips' daughter because she herself has two children. She did not call Ms. Phillips on May 15 and has never threatened her over the phone. She had never called Ms. Phillips' brother and does not know his telephone number. Ms. Phillips had known that defendant had killed a woman, Mary Dixon, since the beginning of their relationship. She killed Ms. Dixon in 1976 in self-defense and in defense of her children; Ms.

Dixon was reaching for her children when defendant killed her. Defendant was never convicted of any crime as a result of killing Ms. Dixon.

Defendant was found guilty of intimidating a State's witness by the jury. From a judgment sentencing her to six months in prison, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*Assistant Public Defender Cherie Cox, for the defendant.*

MARTIN (Robert M.), Judge.

[1] Defendant presents multiple assignments of error on this appeal. Assignments of Error Numbers 3, 4, 5, 6, 7, 8, 10, 12 and 13 are based upon Exceptions Numbers 3, 4, 5, 8, 9, 12, 14, 15 and 16. None of these exceptions, except Number 8, were properly preserved for review by noting an objection, nor were they deemed preserved or taken by rule or law. Rule 10(b)(1), N.C. Rules App. Proc. When there is no objection to an offer of evidence or a motion to strike after its admission, any objection or exception is lost. Unless objection is made at the proper time, it is waived. *Dunn v. Brookshire,* 8 N.C. App. 284, 174 S.E. 2d 294 (1970). Although Exception Number 8 was properly preserved for review by noting an objection, we find no prejudicial error in the admission of the testimony challenged by that exception. These assignments of error are overruled.

Defendant's Assignment of Error Number 14 does not comply with Rule 10(b)(2), N.C. Rules App. Proc., in that the exceptions upon which the assignments are based fail to identify the portion of the charge in question by setting it within brackets or by any other clear means of reference. This assignment of error is therefore overruled.

[2] By her first assignment of error, defendant contends the arrest warrant charging her with violation of N.C. Gen. Stat. § 14-226 is defective. The warrant reads in pertinent part as follows:

THE UNDERSIGNED FINDS THAT THERE IS PROBABLE CAUSE TO BELIEVE THAT ON OR ABOUT THE 15 DAY OF MAY, 1980 IN THE COUNTY NAMED ABOVE, THE DEFENDANT NAMED ABOVE DID

UNLAWFULLY, WILFULLY & FELONIOUSLY *THREATEN OR IN ANY OTHER MANNER INTIMIDATE OR ATTEMPT TO INTIMIDATE* NANCIE PHILLIPS WHO HAD BEEN SUMMONED AS A WITNESS IN DISTRICT COURT OF THIS STATE, IN AN ATTEMPT TO PREVENT OR DETER THE SAID NANCIE PHILLIPS FROM ATTENDING COURT BY THREATENING BY TELEPHONE TO PHYSICALLY INJURE THE TEN YEAR OLD DAUGHTER OF THE SAID NANCIE PHILLIPS IF THE VICTIM DID NOT DROP CHARGES PREFERRED AGAINST THE DEFENDANT FOR COMMUNICATING THREATS IN VIOLATION OF THE FOLLOWING LAW: G.S. 14-226. (0)(0)(0). (Emphasis added.)

Defendant contends that the warrant, specifically the italicized language, is defective because it charges the offense disjunctively and failed to inform the defendant of the exact crime of which she was accused. We disagree.

We note initially that defendant never filed a motion to quash the warrant and never raised an objection to it prior to or during trial. Where the defendant seeks clarification of the State's theory for prosecution, the proper procedure is a motion for a bill of particulars. N.C. Gen. Stat. § 15A-925; *State v. May,* 292 N.C. 644, 235 S.E. 2d 178, *cert. denied,* 434 U.S. 928, 54 L.Ed. 2d 288, 98 S.Ct. 414 (1977).

Assuming defendant did not waive her argument, it has no merit. The purpose of a criminal process is to give the defendant notice of the charge against her so that she may prepare a defense and to enable the trial court to know what judgment to pronounce in case of conviction. *See State v. Squire,* 292 N.C. 494, 234 S.E. 2d 563, *cert. denied,* 434 U.S. 998, 54 L.Ed. 2d 493, 98 S.Ct. 638 (1977). The warrant in question clearly charged the defendant with violation of N.C. Gen. Stat. § 14-226 and specifically noted the criminal conduct to be tried. It met every requirement of N.C. Gen. Stat. §§ 15A-304 and 924. It is not fatally defective because the statutory language was utilized. This assignment of error is overruled.

[3] By her ninth assignment of error, defendant attacks the testimony elicited from William Cody, Ms. Phillips' brother, during the following exchange:

Q. Since that time, since May 14, have you received any type calls from Martha Isom?

MR. ACTON: OBJECTION

EXCEPTION NO. 10

THE COURT OVERRULED.

A. Yes, I have. The next day, she called my number, which was the only number that she had for Nancy.

MR. ACTON: OBJECTION, MOVE TO STRIKE. He has no way of knowing that.

THE COURT: OVERRULED. Go ahead.

EXCEPTION NO. 11

Although we do not agree with defendant that the challenged testimony was hearsay, we are of the opinion that the trial court erred by failing to strike the challenged testimony, as no foundation had been laid for it. We fail to see, however, how the error prejudiced defendant's case. Ms. Phillips had previously testified, without objection, that defendant had called her while she was living with her brother. Mr. Cody had previously testified, without objection, that he had talked with defendant on the telephone many times and that he was familiar with her voice. The challenged testimony was not necessary to establish the caller's identity and, in fact, tended to impeach Ms. Phillips' previous testimony that defendant had called her at work. As defendant has failed to show that there is a reasonable probability that, had the error in question not been committed, a different result would have been reached at trial, N.C. Gen. Stat. § 15A-1443, the error is not grounds for a new trial. N.C. Gen. Stat. § 15A-1442(4)(c).

[4] By her 11th assignment of error, defendant contends her motion to dismiss should have been allowed. We disagree. On a motion for nonsuit all the evidence must be taken in the light most favorable to the State. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967). When thus viewed the evidence of the State was sufficient to carry the case to the jury, and the motion of the defendant for judgment of nonsuit was properly denied.

Defendant abandoned her second and fifteenth assignments of error in her appellate brief. After carefully reviewing the record on appeal, we find that defendant received a fair trial, free of prejudicial error.

No error.

Judges WHICHARD and BECTON concur.