STATE OF NORTH CAROLINA v. RICKY LYNN CANADY

No. 278A90

(Filed 6 December 1991)

### 1. Criminal Law § 1095 (NCI4th)— sentencing—aggravating factor—assertion of prosecutor

The trial court erred when sentencing defendant for burglary and larceny by relying on the statement of the prosecutor in finding the aggravating factor of prior convictions. A defendant's silence while the prosecuting attorney makes a statement does not support an inference that the defendant consented to the statement, and the argument by defendant's attorney that the things with which he was charged in this case are not consistent with his past involvements should not be taken as a consent to the making of the statement by the prosecuting attorney.

**Am Jur 2d, Criminal Law §§ 598, 599.**

### 2. Appeal and Error § 147 (NCI4th)— aggravating factor—unsupported statement of prosecutor—no objection to statement or to finding—question preserved for appeal

A burglary and larceny defendant could raise on appeal the reliance of the court on the statement of the prosecuting attorney as to prior convictions even though defendant did not object to the statement at the time it was made or object to the finding of the aggravating factor of prior convictions when it was made. This is not a question of the admission of evidence and, assuming that Appellate Rule 10 requires an exception to be made to the finding of an aggravating factor, defendant has complied with the rule. Subsection (b)(1) of App. R. 10 does not have any application to this case. The defendant did not want the court to find the aggravating factor and the court knew or should have known it. This is sufficient to support an assignment of error; it is not necessary to implicate N.C.G.S. § 15A-1446(d)(5).

**Am Jur 2d, Appeal and Error §§ 545, 624; Criminal Law §§ 598, 599; Habitual Criminals and Subsequent Offenders § 32.**

Justice MEYER dissenting.

STATE v. CANADY

[330 N.C. 398 (1991)]

Justice WHICHARD dissenting.

Justice MITCHELL joins in this dissenting opinion.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 99 N.C. App. 189, 392 S.E.2d 457 (1990), finding no error in a judgment of *Greene, J.*, at the 27 March 1989 session of Superior Court, ROBESON County. Heard in the Supreme Court 12 November 1990.

The defendant was convicted of second degree burglary and felonious larceny. At the sentencing hearing, the prosecuting attorney told the court that the defendant had prior convictions of felonious possession of marijuana, felonious possession of LSD, discharging a firearm into an occupied motor vehicle and escape from the Department of Corrections. There was no other evidence of prior convictions of the defendant.

The court found one aggravating factor, that the defendant had prior convictions for criminal offenses punishable by more than 60 days' confinement. No mitigating factors were found. The court enhanced the sentence to more than the presumptive sentence for both crimes.

*Lacy H. Thornburg, Attorney General, by J. Charles Waldrup, Assistant Attorney General, for the State.*

*Arnold Locklear for defendant appellant.*

WEBB, Justice.

[1] The defendant argues, under his only assignment of error, that it was error for the court to rely on the statement of the prosecuting attorney in finding the aggravating factor. We believe this argument has merit.

"Under the Fair Sentencing Act, a trial court may not find an aggravating factor where the only evidence to support it is the prosecutor's mere assertion that the factor exists." *State v. Swimm*, 316 N.C. 24, 32, 340 S.E.2d 65, 70-71 (1986); *State v. Thompson*, 309 N.C. 421, 307 S.E.2d 156 (1983). Pursuant to this rule, the defendant is entitled to a new sentencing hearing.

The State argues that the defendant seemed to concede the accuracy of the statements by the prosecuting attorney. *See State v. Mullican*, 329 N.C. 683, 406 S.E.2d 854 (1991). It bases this argu-

ment on the statement of the attorney for the defendant at the sentencing hearing in which he said, "[t]hese charges and convictions now against him are out of character and not consistent with what he's been involved in the past." This statement is too equivocal to serve as an admission by the defendant to prior convictions.

Justice Whichard, in his dissent, argues that by remaining silent when the prosecutor was making the statement and by attempting to distinguish his past misconduct from the charges presently against him, defendant implicitly stipulated to the accuracy of the prior convictions. We made it clear in *Mullican* that the statement by the prosecuting attorney that he would summarize the evidence with the permission of the defendant was an invitation to the defendant to object if he had not consented. *Id.* at 686, 406 S.E.2d at 855. There was not such an invitation in this case. We do not feel that a defendant's silence while the prosecuting attorney makes a statement should support an inference that the defendant consented to the statement. Nor do we feel that the argument by the defendant's attorney, that the things with which he was charged in this case are not consistent with his past involvements, should be taken as a consent to the making of the statement by the prosecuting attorney. Rightly or wrongly, the court was considering the matters about which the prosecuting attorney had spoken and the defendant had the right to argue the matters without being held to have admitted them.

[2] The State contends that the defendant cannot complain because he did not object to the statement of the prosecuting attorney at the time it was made. This is not a question of the admission of evidence. As *Swimm* and *Thompson* make clear, a statement of the prosecutor is not sufficient evidence to support the finding of an aggravating factor although there is no objection to the statement.

Finally, the State argues that the defendant cannot appeal the finding of the aggravating factor because he did not object to it when the finding was made. The State relies on *State v. Bradley*, 91 N.C. App. 559, 373 S.E.2d 130 (1988), *disc. rev. denied*, 324 N.C. 114, 377 S.E.2d 238 (1989). In that case, the Court of Appeals held that the defendant could not appeal from the finding of an aggravating factor because he did not object to the finding pursuant to N.C. R. App. P. 10(b)(2). Rule 10(b)(2), at the time *Bradley* was decided and at the time the sentence was entered

STATE v. CANADY

[330 N.C. 398 (1991)]

in this case, contained a sentence which said, "[a] separate exception shall be set out to the making or omission of each finding of fact or conclusion of law which is to be assigned as error." This sentence has now been deleted from Rule 10(b)(2) effective as to all judgments entered after 1 July 1989.

Assuming Rule 10 requires an exception to be made to the finding of an aggravating factor, we hold the defendant has complied with the Rule. At the time of sentencing the judge said, "[f]or the record, the Court did take into consideration two previous felony convictions, possession of marijuana and LSD, and a charge of escape from the department of corrections." The defendant marked an exception to this statement and made it the subject of an assignment of error. This was sufficient to preserve the question for appellate review.

Justice Meyer in his dissent relies on Rule 10(b)(1) of the Rules of Appellate Procedure and argues that an objection to the finding of the aggravating factor should have been made at the time the factor was found. We note that the State in its brief does not rely on Rule 10(b)(1) which says:

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal.

This subsection of the rule does not have any application to this case. It is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal. The purpose of the rule is to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal. *State v. Hedrick*, 289 N.C. 232, 221 S.E.2d 350 (1976); *State v. Isom*, 52 N.C. App. 331, 278 S.E.2d 327, *disc. rev. denied*, 303 N.C. 548, 281 S.E.2d 398 (1981). If we did not

have this rule, a party could allow evidence to be introduced or other things to happen during a trial as a matter of trial strategy and then assign error to them if the strategy does not work. That is not present in this case. The defendant did not want the court to find the aggravating factor and the court knew or should have known it. This is sufficient to support an assignment of error.

State v. Oliver, 309 N.C. 326, 307 S.E.2d 304 (1983), is not authority for this case. There was language in that case to the effect that a party may not go through the record or the transcript and insert exceptions. None of the exceptions in that case dealt with findings of fact in the judgment.

Justice Whichard, in his dissent, argues that pursuant to N.C.G.S. § 15A-1446(d)(5) an appeal may be taken although no objection was made to the finding of the aggravating factor. He bases this argument on the wording of the statute which says, "insufficiency of the evidence as a matter of law 'may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.'"

We might agree with Justice Whichard if we had to go so far as to implicate N.C.G.S. § 15A-1446(d)(5). We do not believe it is necessary to rely on this section because we have held that Rule 10(b)(1) does not apply to this case. We base this holding on our knowledge of the way our judicial system works. As we understand the dissent by Justice Meyer, he would require a party to object to any finding of fact in a judgment at the time the finding of fact is made. This would be a near impossibility in many cases in which the court renders a judgment at some time after the trial is concluded. We do not believe it was the intention of Rule 10(b)(1) to impose such a requirement. We shall not require that after a trial is completed and a judge is preparing a judgment or making findings of aggravating factors in a criminal case, that a party object as each fact or factor is found in order to preserve the question for appeal.

Assuming, as the dissent contends, that the defendant should have objected to the finding of the aggravating factor when it was found, we hold that he did so. The defendant argued at the sentencing hearing that he be sentenced to the "statutory minimums." This should have alerted the court to the fact the defendant did not want it to find the aggravating factor.

STATE v. CANADY

[330 N.C. 398 (1991)]

This case is remanded to the Court of Appeals for further remand to the Superior Court, Robeson County for a new sentencing hearing.

Reversed and remanded.

Justice MEYER dissenting.

I agree with the majority that a prosecutor's statements concerning a defendant's prior convictions are not sufficient evidence to support a trial court's finding of the prior convictions aggravating factor, N.C.G.S. § 15A-1340.4(a)(1)(o) (Supp. 1991). However, I do not agree that defendant has properly preserved for appeal the issue of whether his sentence was supported by sufficient evidence. By failing to object or otherwise note his opposition to the trial court's finding during the course of the trial proceedings, it is my opinion that defendant waived his right to appeal this issue, and I therefore dissent from the majority opinion.

Defendant concedes that he waived objection to the competency of the prosecutor's statement as an acceptable method of proving defendant's prior convictions. However, defendant contends that according to N.C.G.S. § 15A-1446(d)(5), he is still entitled to assert on appeal the insufficiency of the prosecutor's statements to prove his prior convictions. See State v. Mack, 87 N.C. App. 24, 359 S.E.2d 485 (1987), disc. rev. denied, 321 N.C. 477, 364 S.E.2d 663 (1988). I disagree.

On its face, N.C.G.S. § 15A-1446(d)(5) would appear to allow defendant to appeal the issue of whether his sentence was supported by sufficient evidence. N.C.G.S. § 15A-1446(d)(5) provides that insufficiency of the evidence as a matter of law "may be the subject of appellate review even though no objection, exception or motion has been made in the trial division." N.C.G.S. § 15A-1446(d)(5) (1988). However, this statute, inasmuch as it permits appeal where no objection, exception or motion has been made, directly conflicts with North Carolina Rule of Appellate Procedure 10(b)(1).

As we have previously noted, Rule 10(b) "is a rule of appellate practice and procedure, promulgated by the Supreme Court pursuant to its exclusive authority under the Constitution of North Carolina, Article IV, Section 13(2)." State v. Bennett, 308 N.C. 530, 535, 302 S.E.2d 786, 790 (1983). We have consistently held

that where, as here, a legislative enactment conflicts with a rule promulgated pursuant to this Court's exclusive constitutional authority, the statute is unconstitutional and must fail. *State v. Spaugh,* 321 N.C. 550, 364 S.E.2d 368 (1988); *State v. Stocks,* 319 N.C. 437, 355 S.E.2d 492 (1987); *State v. Bennett,* 308 N.C. 530, 302 S.E.2d 786 (1983); *State v. Elam,* 302 N.C. 157, 273 S.E.2d 661 (1981). To the extent that N.C.G.S. § 15A-1446(d)(5) conflicts with Rule 10(b)(1), it is unconstitutional.

The former version of North Carolina Rule of Appellate Procedure 10(b)(2), applicable to the case at bar,[1] requires that a party assigning error to a trial court's findings of fact must make a separate exception in the record on appeal for each finding that is to be assigned as error. N.C. R. App. P. 10(b)(2) (1989) (amended 1988 effective for all judgments entered in the trial division on or after 1 July 1989). Acting on the assumption that such an exception was required in this case, the majority concludes that defendant complied with the Rules of Appellate Procedure because defendant, following entry of judgment by the trial court, "marked an exception" to the trial court's finding of prior convictions in the transcript of the proceedings.

What the majority fails to recognize, however, is that Rule 10(b)(1) further limits this Court's appellate review to exceptions which have been *properly preserved* for review. The former Rule 10(b)(1) provided in part:

> Any exception which was properly preserved for review by action of counsel *taken during the course of proceedings in the trial tribunal* by objection noted or which by rule or law was deemed preserved or taken without any such action, may be . . . made the basis of an assignment of error.

N.C. R. App. P. 10(b)(1) (1989) (emphasis added) (amended 1988 effective for all judgments entered in the trial division on or after 1 July 1989). In 1988, Rule 10 was amended to put an end to the formality of marking exceptions in the transcript of the proceedings as formerly required by Rule 10(b)(2). Accordingly, the language of the former Rule 10(b)(2), requiring that the record

---

1. Rule 10 was amended 8 December 1988, "effective for all judgments of the trial division entered on or after July 1, 1989." In this case, judgment was entered by the trial division on 6 April 1989. Therefore, the former version of Rule 10 governs defendant's appeal.

on appeal reflect a separate exception for each finding of fact assigned as error, was deleted from the current version of Rule 10(b)(2). The deletion of this language from Rule 10(b)(2), however, does not obviate the need for objection to be made during the trial as required by Rule 10(b)(1). Like the former Rule 10(b)(1), the current version of Rule 10(b)(1) also requires that a party challenge a trial court's findings in order to assign such findings as error on appeal. Rule 10(b)(1), currently in force, provides:

> In order to preserve a question for appellate review, a party must have presented *to the trial court* a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. Any such question which was properly preserved for review *by action of counsel taken during the course of proceedings in the trial tribunal* by objection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal.

N.C. R. App. P. 10(b)(1) (emphasis added).

In *State v. Oliver*, 309 N.C. 326, 307 S.E.2d 304 (1983), we were called upon to decide whether a defendant's post-trial insertion of the notation "exception" throughout the transcript properly preserved the alleged errors for appellate review. After examining the language of the former Rule 10 and its official commentary, we noted that "Rule 10 functions as an important vehicle to insure that errors are not 'built into' the record, thereby causing unnecessary appellate review." *Id.* at 334, 307 S.E.2d at 311. We disapproved of the defendant's practice of noting exceptions and held:

> A party may not, after trial and judgment, comb through the transcript of the proceedings and randomly insert an exception notation in disregard of the mandates of Rule 10(b).
>
>     . . . Where no action was taken by counsel during the course of the proceedings, the burden is on the party alleging error to establish its right to review; that is, that an exception, "by rule or law was deemed preserved or taken without any such action," or that the alleged error constitutes plain error.

*Id.* at 335, 307 S.E.2d at 312.

**STATE v. CANADY**

[330 N.C. 398 (1991)]

The majority today discards our longstanding rules of appellate procedure and declares that Rule 10(b)(1) "does not have any application to this case. It is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal." Rule 10(b)(1) cannot be so blithely disregarded, however. Rule 10 does not concern merely matters of "trial strategy" as suggested by the majority. Rather, it is a procedural rule that applies to all appeals, thereby limiting the scope of appellate review to assignments of error that have been properly preserved by objection or challenge made during trial proceedings. N.C. R. App. P. 10(a), (b). It is a mandatory rule, "deemed essential to the protection of . . . the due administration of justice. . . . [I]t is our duty to rigidly adhere to it after it is adopted, and enforce it impartially as to all cases coming under its operation." *Cooper v. Comrs.*, 184 N.C. 615, 616, 113 S.E. 569, 569 (1922).[2]

In an attempt to bolster its erroneous conclusion that Rule 10(b)(1) is inapplicable to this case, the majority conjures up a hypothetical situation inapposite to the facts before this Court. The majority asserts that Rule 10(b)(1) was not intended to require a defendant to object to a trial court's findings of aggravating factors, as such would not be possible where the "[trial] court renders a judgment at some time after the trial is concluded." In such a scenario (not present here) and assuming the party was not served with a draft of the proposed order, we might be presented with the exceptional case where Rule 10(b)(1) would not require an objection at trial, as an exception or assignment of error would be "deemed preserved or taken without any . . . action" taken at trial. *See* N.C. R. App. P. 10(b)(1) (language contained in both the former and current versions).

The instant case, however, is not a situation where the court reserved judgment until a later date and thereafter rendered its judgment out of session. The majority seems to imply that the preparation of the judgment and the affixing of the trial judge's signature are not actions "taken during the course of proceedings in the trial tribunal." This is clearly wrong. In this case, the trial court entered its judgment sentencing defendant to twenty years'

---

2. At one point, the majority opinion notes that the State did not rely on Rule 10(b)(1) in its brief. This, however, is immaterial since Rule 10(b)(1) is a rule of appellate procedure limiting the scope of this Court's review.

STATE v. CANADY

[330 N.C. 398 (1991)]

imprisonment during the trial proceedings, on the record, in open court, when defendant and his attorney were present. Despite the fact that the sentence imposed by the court exceeded the presumptive sentence, defendant did not object. Upon the prosecutor's request, the court conducted an unrecorded bench conference, following which the trial judge stated, "[f]or the record, the Court did take into consideration two previous felony convictions, possession of marijuana and LSD, and a charge of escape from the department of corrections." Again, defendant and his counsel remained silent.

The majority further suggests that defendant complied with Rule 10(b)(1) by arguing at the sentencing hearing that he should be sentenced to the "statutory minimums." I disagree. The record in this case shows that the prosecuting attorney requested that the trial court impose a "sentence greater than the presumptive" term based upon an argument that defendant's prior convictions constituted an aggravating factor. Defendant's argument, on the other hand, was a general plea for mercy. Suggesting that his prior convictions were not of the same character as the offenses for which he was being sentenced, defendant merely requested the court "to consider the statutory minimums that would apply and that can apply." Defendant's argument neither alerted the trial court of any asserted error nor provided the court with an opportunity to correct the error, and thus did not constitute an objection within the meaning of Rule 10(b)(1). *See State v. Oliver*, 309 N.C. 326, 307 S.E.2d 304 (1983).

Contrary to the majority's conclusion, the defendant in this case failed to preserve his exception for appellate review during the course of the trial proceedings when the judgment was prepared and signed. Defendant did not at any time object to the prosecutor's statement or object to or otherwise indicate his opposition to the trial court's finding during the trial proceedings. Rather, defendant waited until after judgment had been entered and the transcript of the trial had been prepared and only then inserted into the transcript a handwritten notation of "Exception No. Five" to the trial court's finding that defendant had previously been convicted of felonious possession of marijuana and LSD and escape from the Department of Correction. As we concluded in *Oliver*, defendant's subsequent insertion of a notation of "exception" did not properly preserve this exception for appellate review.

Having failed to object to or otherwise challenge the trial court's finding, defendant assumed the burden of "alert[ing] the appellate court that no action was taken by counsel at the trial level, and . . . establish[ing] his right to review by asserting in what manner the exception is preserved by rule or law or . . . how the error amounted to a plain error or defect affecting a substantial right which may be noticed although not brought to the attention of the trial court." *Oliver*, 309 N.C. at 335, 307 S.E.2d at 312.

Other than N.C.G.S. § 15A-1446(d)(5), defendant has failed to give any reason why this Court should review the error assigned. Although this statute would appear to permit defendant to appeal the sufficiency of the evidence to support his sentence, this statute directly conflicts with North Carolina Rule 10(b) and thus is unconstitutional.

Because defendant failed to object to the district attorney's statement of defendant's prior offenses and because he has failed to show that an exception to the trial court's finding has been preserved by rule or law or that the trial court's finding constituted plain error, the trial court's finding is conclusive on appeal. *State v. Perry*, 316 N.C. 87, 107, 340 S.E.2d 450, 462 (1986); *Anderson Chevrolet/Olds, Inc. v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982). The trial court's findings support the sentence imposed by the trial court, and therefore defendant's assignment of error should be overruled. For these reasons, I dissent from the majority opinion and vote to affirm the decision of the Court of Appeals.

Justice WHICHARD dissenting.

I believe defendant, through counsel, admitted or implicitly stipulated to the existence of his prior criminal record as presented to the court by the prosecuting attorney and that this was sufficient to support the trial court's finding of the "prior convictions" aggravating factor.

In this case the prosecuting attorney opened the sentencing phase by saying, "Your Honor, first of all, I would like to present to the Court facts of a prior criminal record of the Defendant." He then told the court that the defendant had prior convictions of felonious possession of marijuana, felonious possession of LSD, discharging a firearm into an occupied motor vehicle, and escape

from the Department of Corrections. At no point during the prosecuting attorney's sentencing phase presentation of the prior criminal record did defendant object or protest. When defense counsel rose to make his argument, he stated that "[t]hese charges and convictions now against [defendant] are out of character and not consistent with what he's been involved in in the past. . . . *[Y]es, he's had problems with the drugs*, but we don't have anything other than that . . . ." (Emphasis added.) I disagree with the majority's conclusion that defense counsel's statement "is too equivocal to serve as an admission by the defendant to prior convictions." *State v. Canady*, 330 N.C. 398, 399, 410 S.E.2d 875, 876-77 (1991).

The statement at issue here is less equivocal than statements in other cases in which we have upheld the trial court's finding of an aggravating or mitigating factor. In *State v. Albert*, 312 N.C. 567, 324 S.E.2d 233 (1985), we held that the trial court erred in failing to find as a mitigating factor that the defendant had no record of criminal convictions. In *Albert*, the defendant's attorney asserted that the defendant had "no record at all in her lifetime" and had "never been in court before" except as a juror. We noted that, standing alone, those statements would not have been sufficient to meet defendant's burden of persuasion on the mitigating factor. *Id.* at 579, 324 S.E.2d at 241. However, we also noted that the trial court asked the prosecutor whether any of the three defendants in the case had a prior criminal record, to which the prosecutor replied, "only Mr. Dearen." We concluded that the trial court erred in rejecting the mitigating factor because "the State appears to have stipulated that neither the defendant Mills nor the defendant Albert had a criminal record . . . ." *Id.* at 579-80, 324 S.E.2d at 241.

Similarly, in *State v. Mullican*, 329 N.C. 683, 406 S.E.2d 854 (1991), the prosecutor opened the sentencing proceeding by stating "[w]ith the permission of the Court and the Defense, I will summarize what the State's evidence will show." Without objection or complaint by the defendant, the prosecutor then described the evidence that ultimately supported the aggravating factor found by the court. In presenting the defendant's evidence relating to sentencing, defense counsel described the circumstances of the crime and stated, "Of course that is not any excuse for his doing this. He told the Officer that he was sorry, sorry for committing the offense. . . ." *Id.* at 684, 406 S.E.2d at 855. Our Court of Appeals held in *Mullican* that "defense counsel admitted the correctness

of [the prosecutor's] summary in his own statement to the court." *State v. Mullican*, 95 N.C. App. 27, 29, 381 S.E.2d 847, 848 (1989). On appeal, this Court stated, "We cannot say the Court of Appeals was wrong . . . ." *Mullican*, 329 N.C. at 685, 406 S.E.2d at 855. Thus, we left undisturbed the Court of Appeals' conclusion that defense counsel's statement constituted an admission that was sufficient to support the aggravating factor in question. We went on to say that, even if the statement was not an admission, the defendant "stipulated that the prosecuting attorney could state the evidence." *Id.* .

Finally, in *State v. Brewer*, 89 N.C. App. 431, 366 S.E.2d 580, *cert. denied*, 322 N.C. 482, 370 S.E.2d 229 (1988), we find the following:

> At the sentencing hearing, the prosecutor stated that in 1974 defendant was convicted of larceny and received a four year sentence as a committed youthful offender; that in 1977 defendant was convicted of felonious assault for which he received a ten year sentence as a regular youthful offender. In response to the prosecutor's remarks, defense counsel stated:
>
> > MR. PRICE: Your Honor, Mr. Brewer last worked in April or May of 1986 for a contractor in roofing work. He has a G.E.D. and is 28-years-old. He has been living with his father and step-mother. I would emphasis [sic], Your Honor, that his record indicates no convictions for almost 10 years. We would ask for leniency.
>
> > . . . .
>
> Considering the State's remarks about defendant's record of convictions and defense counsel's immediate response that he would like to emphasize to the court that defendant's record "indicates no convictions for almost 10 years," we find and so hold that defense counsel was referring to the record of convictions the State had just referenced. From the full context of the remarks we find that no reasonable inferences to the contrary can be drawn. Defense counsel's response is tantamount to an admission or a stipulated fact that defendant has the convictions so represented by the State.

*Id.* at 435-36, 366 S.E.2d at 583.

In this case, the prosecutor's description of the prior convictions, combined with defense counsel's express acknowledgement

of the prior "problems," are at least the equivalent of the exchanges held to be sufficient to prove the aggravating or mitigating factors in *Albert*, *Mullican*, and *Brewer*. Thus, I would affirm the Court of Appeals.

While I agree with the result he would reach, I decline to join Justice Meyer's dissent because I discern no contradiction between N.C.G.S. § 15A-1446(d)(5) and North Carolina Rule of Appellate Procedure 10(b)(1). As Justice Meyer notes, the applicable language of Rule 10(b)(1) states:

> Any . . . question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted[,] *or which by· rule or law was deemed preserved or taken without any such action*, may be . . . made the basis of an assignment of error
> . . . .

N.C.R. App. P. 10(b)(1) (1989) (emphasis added). The Meyer dissent focuses on the rule's requirement of an objection or action by counsel during the proceedings and concludes that defendant has failed to show why this Court should review the error assigned. I believe, however, that had defendant not admitted or implicitly stipulated to his criminal record, this issue would have been preserved for appellate review. As the Meyer dissent notes, N.C.G.S. § 15A-1446(d)(5) provides that "insufficiency of the evidence as a matter of law 'may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.'" *State v. Canady*, 330 N.C. 398, 403, 410 S.E.2d 875, 879 (Meyer, J., dissenting). Clearly, this statutory provision is a "rule or law" permitted by Rule 10(b)(1) which deems defendant's exception to the trial court's ruling to be preserved within the meaning and intent of the rule.

For the foregoing reasons, I dissent and vote to affirm the Court of Appeals.

Justice MITCHELL joins in this dissenting opinion.