STATE OF NORTH CAROLINA
v.
MARVIN EARL STANCIL, Defendant.
No. COA05-541
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Pitt County No. 04 CRS 053349.
Attorney General Roy Cooper, by Assistant Attorney General Scott K. Beaver, for the State.
Sue Genrich Berry for defendant-appellant.
WYNN, Judge.
"[T]he trial judge has broad discretion to see that a competent, fair and impartial jury is impaneled and rulings of the trial judge in this regard will not be reversed absent a showing of abuse of discretion." State v. Johnson, 298 N.C. 355, 362, 259 S.E.2d 752, 757 (1979). Defendant argues that by failing to allow him to ask the prospective jury members a specific question, he was impaired from selecting a fair and impartial jury. Because the record shows that the trial court's decision to not allow the question was not arbitrary, we find no abuse of discretion.
We note preliminarily that the issues on appeal do not require a recitation of the facts to understand our resolution of those issues. Defendant's appeal arises from his conviction on the charge of assault with a deadly weapon with intent to kill. Defendant argues that the trial court erred in (1) denying him the opportunity to ask prospective jury members a question and (2) allowing a witness to testify to a prior bad act by Defendant.
Defendant first contends that the trial court abused its discretion by not allowing him to ask prospective jury members a particular question and due to that denial he could not select a fair and impartial jury. We disagree.
"It is well settled in North Carolina that the trial judge has broad discretion to see that a competent, fair and impartial jury is impaneled and rulings of the trial judge in this regard will not be reversed absent a showing of abuse of discretion." Johnson, 298 N.C. at 362, 259 S.E.2d at 757; see also State v. Warren, 348 N.C. 80, 101, 499 S.E.2d 431, 442 (1998). A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision. State v. Allen, 322 N.C. 176, 189, 367 S.E.2d 626, 633 (1988).
Defendant wanted to ask the prospective jurors: "if the State didn't prove all of the elements of the crime then would they have a problem returning a verdict of not guilty?" The trial court did not allow this question during voir dire and stated "[w]e're not going to get into hypotheticals." The trial court's decision to not allow Defendant's question was the result of a reasoned decision and not arbitrary. Allen, 322 N.C. at 189, 367 S.E.2d at 633. As the trial court did not abuse its discretion, we overrule this assignment of error.
Defendant also argues that the trial court erred when a State's witness offered unsolicited testimony about a prior bad act by Defendant. However, Defendant failed to object at trial during direct examination when the witness first testified regarding Defendant's prior bad act.
It is well settled that, when there is no objection to an offer of evidence or a motion to strike after its admission, any objection or exception is lost. State v. Isom, 52 N.C. App. 331, 333, 278 S.E.2d 327, 328 (1981). "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(b)(1). "Failure to make timely objection or exception at trial waives the right to assert error on appeal, . . . and a party may not, after trial and judgment, comb through the transcript of the proceedings and randomly insert an exception notation in disregard of mandates of [N.C. R. App. P.] 10(b)." State v. Shamsid-Deen, 324 N.C. 437, 445-46, 379 S.E.2d 842, 847 (1989) (citations omitted). Accordingly, Defendant waived appellate review by his failure to object to the witness's testimony at trial regarding Defendant's prior bad act. See N.C. R. App. P. 10(b)(1). Nonetheless, Defendant did object to the witness's response about the prior bad act on cross-examination. However, "[w]here evidence is admitted over objection and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." State v. Anthony, 354 N.C. 372, 416, 555 S.E.2d 557, 586 (2001) (quoting State v. Alford, 339 N.C. 562, 570, 453 S.E.2d 512, 516 (1995)). As the witness's testimony regarding the prior bad act had already been admitted without objection on direct examination, Defendant's objection on cross-examination had no benefit and the objection is lost. Id. Accordingly, this assignment of error is dismissed.
No error in part; Dismissed in part.
Judges HUNTER and JACKSON concur.
Report per Rule 30(e).