State v. Shea

cient to go to the jury, and that defendant's motion was properly denied.

Affirmed.

Judges WHICHARD and BECTON concur.

---

STATE OF NORTH CAROLINA v. PATRICK SAMUEL SHEA

No. 8610SC116

(Filed 20 May 1986)

1. **Weapons and Firearms § 2— possession of firearm by felon—factual basis for guilty plea**

    The prosecutor's statement that an automatic pistol was found in defendant's vehicle which was parked beside his house and an order signed on 16 April 1984 terminating defendant's probation for conviction of a felony was sufficient for the trial judge to determine that there was a factual basis for defendant's plea of guilty of possession of a firearm in violation of N.C.G.S. § 14-415.1.

2. **Criminal Law § 140.3— consecutive sentences proper**

    The trial court did not violate the Fair Sentencing Act in imposing consecutive sentences. N.C.G.S. § 15A-1354(a).

3. **Criminal Law § 138.6— severity of sentence—proper basis**

    There was no merit to defendant's contention that sentences imposed upon him were improper because they were based on erroneous information supplied to the court by the prosecutor, since the record disclosed that the court did not consider the information in question in imposing defendant's sentences.

APPEAL by defendant from *Barnette, Judge.* Judgments entered 26 August 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 14 May 1986.

Defendant was charged in proper bills of indictment with felonious possession with intent to sell and deliver more than one ounce of marijuana and with felonious possession of a firearm by a felon. On 26 August 1985, defendant entered a plea of guilty as to each charge. From judgments imposing prison sentences of five years for possession with intent to sell and deliver marijuana and two years for possession of a firearm by a felon and ordering that the sentences run consecutively, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Wayne Eads and G. Henry Temple, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant contends that the trial court erred in accepting defendant's plea of guilty as to the charge of felonious possession of a firearm. G.S. 15A-1022(c) provides, in pertinent part, that "[t]he judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea." This statute further provides that this determination may be based upon a statement of the facts by the prosecutor. Defendant argues that the statement of facts given by the prosecutor at the sentencing hearing was insufficient to support the determination of the sentencing judge that there was a factual basis for the guilty plea. We disagree.

G.S. 14-415.1 provides, in pertinent part, as follows:

> (a) It shall be unlawful for any person who has been convicted of any crime set out in subsection (b) of this section to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches . . . within five years from the date of such conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later.
>
> . . . .
>
> Nothing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or on his lawful place of business.

At the sentencing hearing in the present case, the prosecutor stated that following a search of defendant's residence pursuant to a search warrant, Special Agent Turbeville of the State Bureau of Investigation located a Browning .380 automatic pistol, a firearm which has a barrel length of less than 18 inches and an overall length of less than 26 inches, in a Chevrolet Blazer which was

parked next to defendant's residence and was registered to defendant. The State also produced an order signed on 16 April 1984 terminating defendant's probation for conviction of a felony. This information indicating that defendant had possession of a firearm outside of his home or place of business within five years from the termination of probation for a felony conviction was sufficient for the trial judge to determine that there was a factual basis for defendant's plea of guilty of possession of a firearm in violation of G.S. 14-415.1.

Defendant assigns error to the trial court's failure to find as mitigating factors that defendant reasonably believed that his possession of the firearm was legal and that prior to arrest or at an early stage of the criminal process, defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer. Defendant presented no evidence at the sentencing hearing. Defendant contends that statements made by the prosecutor establish these factors in mitigation. These statements by the prosecutor were not competent evidence, and the trial court, therefore, did not err in failing to find these mitigating factors. *See State v. Crouch*, 74 N.C. App. 565, 328 S.E. 2d 833 (1985). This assignment of error is without merit.

[2] Defendant's next assignment of error is set out in the record as follows:

> The trial court erred and abused its discretion by imposing a sentence which violated the provisions of the Fair Sentencing Act by both imposing the maximum penalty rather than the presumptive penalty, and then running a second conviction consecutive to that first sentence, thus enhancing the punishment twice based on the same single aggravating factor.

Defendant concedes in his brief that the trial court did not err in imposing the maximum rather than the presumptive sentence for the charge of possession of marijuana with the intent to sell and deliver. Defendant contends, however, that the trial court improperly "enhanced" the total sentence by ordering that the second sentence for the charge of possession of a firearm by a felon run consecutively to the first sentence. Defendant's argument is without merit. G.S. 15A-1354(a) provides that the trial court has the authority to determine whether sentences shall run con-

secutively or concurrently when multiple sentences are imposed. The court retained this discretion to impose consecutive sentences after the enactment of the Fair Sentencing Act. *State v. Ysaguire*, 309 N.C. 780, 309 S.E. 2d 436 (1983). Thus, the trial court did not err in imposing consecutive sentences in the present case.

[3] Defendant's final assignment of error is set out in the record as follows: "The sentences imposed herein are unconstitutional in that they were based, in whole or in part, on erroneous or improper information submitted to the trial court at the time of sentencing." Defendant contends that the prosecutor's statement at the sentencing hearing that defendant was on probation at the time of the offense was erroneous and his statement that defendant's possession of a handgun that was found in his bedroom was a violation of federal law was improper. Defendant argues that the sentencing judge considered this information in imposing defendant's sentence and, therefore, that the case should be remanded for resentencing. We disagree. Assuming *arguendo* that the statements made by the prosecutor were erroneous or improper, the record discloses that the sentencing judge did not consider this information in imposing defendant's sentences. The sentencing judge stated in open court, "[a]s to the possession . . . of marijuana with intent to sell the Court would find as an aggravating factor of his prior record that he has been convicted on at least two occasions prior to this of offenses in which the maximum sentence exceeds sixty days." This is the only aggravating factor found by the court. Thus, any erroneous statements made by the prosecutor did not prejudice defendant.

No error.

Judges EAGLES and COZORT concur.