SCOTTSDALE INSURANCE COMPANY, PLAINTIFF-APPELLANT v. THE TRAVELERS INDEMNITY COMPANY, CARY AMERICAN LEGION POST 67, INC., DALLAS E. DANIELS, DONALD E. DANIELS, ANGELA M. DANIELS, EDWIN L. REEL, III, EDWIN L. REEL, JR., GRAHAM TRENT ELLIS, HOWARD ELLIS, JR., HARRY H. HURLEY AND NANCY C. HURLEY, DEFENDANT-APPELLEES

No. COA01-861

(Filed 6 August 2002)

**Insurance— commercial liability policy—conflicting provisions—ambiguous—construed against insurer**

> The trial court did not err in a declaratory judgment action arising from an automobile accident by granting summary judgment for defendants seeking a declaration of rights under an insurance policy. The accident involved American Legion baseball players driving to a game and the policy had an exclusion for the use of an automobile and an endorsement for activities incidental to games. The policy was ambiguous and was construed against the insurer.

Appeal by plaintiff from order entered 2 March 2001 by Judge Donald W. Stephens in Superior Court, Wake County. Heard in the Court of Appeals 20 May 2002.

*Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, for plaintiff-appellant.*

*Kirschbaum, Nanney, Brown & Keenan, P.A., by Stephen B. Brown, for defendant-appellee Cary American Legion Post 67, Inc.*

*Kirby & Holt, L.L.P., by David F. Kirby and William B. Bystrynski, for defendant-appellees Dallas E. Daniels, Donald E. Daniels and Angela M. Daniels; DeMent, Askew, Gammon, Dement & Overby, by Angela L. DeMent, for defendant-appellees Harry H. Hurley and Nancy C. Hurley; and Law Offices of Walter Lee Horton, by Walter Lee Horton, for defendant-appellees Graham Trent Ellis and Howard Ellis, Jr.*

McGEE, Judge.

Scottsdale Insurance Company (plaintiff) provides insurance coverage to Cary American Legion Post 67, Inc. (Post 67). Plaintiff issued Post 67 a commercial general liability insurance policy (the policy)

which was effective 1 March 1994 until 1 March 1995. During this period, an automobile accident occurred involving the transport of Post 67 baseball players to an American Legion baseball game. Edwin L. Reel, III (Reel), a sixteen-year-old baseball player for Post 67, agreed to drive himself and five teammates from an American Legion baseball game in Chapel Hill, North Carolina to another American Legion baseball game in Cary, North Carolina. Reel apparently missed his exit off the highway and attempted to swerve onto the exit ramp. When he swerved, he lost control of the vehicle. The vehicle flipped over. One of the passengers died and two others were severely injured.

Three complaints were filed against Post 67 arising out of the accident. The complaints alleged that Post 67 was negligent in allowing the baseball players to ride with an inexperienced driver and in not providing reasonably safe transportation. The complaints also alleged Post 67 was vicariously liable in that Reel was acting as an agent of Post 67. The trial court granted summary judgment in favor of defendants, and the case was appealed. This Court affirmed the order as to two defendants but reversed the grant of summary judgment as to Post 67 with regard to the theory of vicarious liability. *See Daniels v. Reel*, 133 N.C. App. 1, 515 S.E.2d 22 (1999).

After this Court's decision, plaintiff filed this declaratory judgment action on 2 December 1999, seeking a declaration of its rights as to the insurance policy it issued to Post 67. In a motion dated 9 February 2001, plaintiff moved for summary judgment seeking a determination that the insurance policy afforded no insurance protection with regard to the accident. The trial court denied summary judgment for plaintiff, but granted summary judgment for defendants in an order entered 2 March 2001. Plaintiff appeals from this order.

Plaintiff argues the trial court erred in concluding that the designated premises endorsement which was added to the original policy expanded coverage to include the transportation of players to and from games and created an ambiguity with the auto exclusion in the policy. Plaintiff contends the auto exclusion and the premises endorsement do not conflict and should be read together and effect be given to all provisions in the policy. Plaintiff contends the auto exclusion precludes coverage for damages resulting from the use of an automobile by an insured, and that Reel was an insured under the policy. We disagree.

"If there is uncertainty or ambiguity in the language of an insurance policy regarding whether certain provisions impose liability, the language should be resolved in the insured's favor. Moreover, exclusions from liability are not favored, and are to be strictly construed against the insurer." *Eatman Leasing, Inc. v. Empire Fire & Marine Ins. Co.*, 145 N.C. App. 278, 281, 550 S.E.2d 271, 273 (2001) (citations omitted).

In the case before us the original insurance policy contained the following exclusion:

2. Exclusions

This insurance does not apply to:

(g) "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

Plaintiff contends that because Reel was an insured under the policy and also because he was operating the vehicle at the time of the accident, the accident falls under the auto exclusion and plaintiff is not liable.

However, the insurance policy also includes an endorsement which was added to the policy. This endorsement expands the policy's coverage. The endorsement contains the clause "THIS ENDORSEMENT CHANGES THE POLICY." The endorsement then adds to the existing policy:

Coverage for ownership, maintenance or use of baseball fields, stands and practice areas and activities necessary or incidental to the conduct of practice, exhibitions, scheduled or postseason games is provided, except for not later than the last day of the world series played during the policy term.

Defendants contend that since the accident occurred while the baseball players were traveling from one scheduled Post 67 baseball game to another, the accident should be covered because the travel was an "activity necessary or incidental to the conduct of" a scheduled game. Defendants argue the endorsement should supplant the original exclusion if in fact the operation of the vehicle was incidental to the conduct of a game, regardless of whether the driver was an insured or not. Plaintiff argues the endorsement should expand the coverage

only in ways the original exclusions would allow; in other words, activities incidental to the conduct of games are covered, unless those activities are ones in which an insured is operating a motor vehicle.

A reasonable reading of the insurance policy could produce either the reading offered by plaintiff or the reading offered by defendants; therefore, the policy is ambiguous. "Given the ambiguity, the policy, as amended by the endorsement, must be construed against [the insurer]." *Drye v. Nationwide Mut. Ins. Co.*, 126 N.C. App. 811, 815, 487 S.E.2d 148, 150 (1997). When an "endorsement provision . . . can be construed as being in direct conflict with the coverage provisions in the initial policy . . . the provisions most favorable to the insured, *i.e.* those in the endorsement, are controlling." *Id.* Therefore, the endorsement provision allows for coverage of the accident.

We affirm the trial court's order for summary judgment in favor of defendants.

Affirmed.

Judges McCULLOUGH and SMITH concurred.