STATE v. RADFORD

[156 N.C. App. 161 (2003)]

STATE OF NORTH CAROLINA v. SHAWN ANTHONY RADFORD, Defendant

No. COA01-1579

(Filed 18 February 2003)

**Sentencing— aggravating factors—sufficiency of evidence— more than assertion required**

A defendant was entitled to a new sentencing hearing for sexual activity by a substitute parent and indecent liberties where the court found the nonstatutory aggravating factor that the victim's psychological injuries were debilitating to an extent that she required counseling based on the prosecutor informing the court, after conferring with the victim's mother, that the victim was currently receiving counseling. The courts cannot find an aggravating factor based only upon an assertion by the prosecutor.

Appeal by defendant from judgment entered 13 August 2001 by Judge J. Gentry Caudill in Burke County Superior Court. Heard in the Court of Appeals 19 September 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Adrian M. Lapas, for defendant-appellant.*

HUDSON, Judge.

Defendant Shawn Anthony Radford pled guilty to two counts of sexual activity by a substitute parent and two counts of taking indecent liberties with a child. At the sentencing hearing, the trial court found that the aggravating circumstances outweighed those in mitigation and sentenced defendant in the aggravated range for his class and level of offenses. Defendant appeals his sentence. For the reasons set forth below, we reverse the decision of the trial court and remand for resentencing.

On August 13, 2001, defendant entered into a plea agreement, pursuant to which he tendered pleas of guilty to two counts of sexual activity by a substitute parent, in violation of N.C. Gen. Stat. § 14-27.7, and two counts of taking indecent liberties with a child, in violation of N.C. Gen. Stat. § 14-202.1. Sentencing was left to the discretion of the court.

At the sentencing hearing, the prosecutor summarized the factual basis for defendant's guilty plea as follows: In the fall of 1999, the victim was sexually abused by her natural father in South Carolina. The father was charged with and later pled guilty to sexual contact with a minor in violation of South Carolina law. Because of the resulting disruption to the family and the psychological and emotional stress caused by the abuse, the victim's mother and stepfather decided that the victim should live with relatives in North Carolina. The victim then moved in with her aunt, Grace King, and King's long-time companion, the defendant, in Morganton, North Carolina. The victim's mother and stepfather planned to remain in South Carolina until they could wind up their affairs and join their daughter in North Carolina, which they ultimately did.

Defendant began a pattern of perpetrating sexual acts on the victim, who was then thirteen years old. On the first such occasion, defendant and the girl were listening to music and drinking alcohol that defendant had provided. Defendant picked up the victim, carried her into the bedroom, and had vaginal intercourse. The victim repeatedly told defendant to stop, that she did not think she was ready for this, and that she did not want to participate in that kind of activity. Defendant ignored her protests and continued to have intercourse with her for 15 to 20 minutes. When defendant was finished, the victim left the bedroom and went into the living room, while defendant stayed in the bedroom.

This type of encounter occurred repeatedly. As a result of increasing seduction by defendant, the victim became convinced that she felt affection for him. She began sneaking out of the house to be with him, and they engaged in additional acts of intercourse, continuing until November 23, 2000, when the victim was discovered missing from her bedroom. The victim's stepfather, who by this time had moved to North Carolina with the mother, found the victim hiding in a bathroom at defendant's house. Defendant had denied that she was there. The victim then told her mother and stepfather about the first incident with defendant and the subsequent events.

Although defendant initially denied that any inappropriate behavior had occurred, he later admitted to the victim's mother and stepfather that he had engaged in intercourse with the victim. A medical examination was conducted, which revealed scarring consistent with healing tears that corroborated the victim's story.

STATE v. RADFORD

[156 N.C. App. 161 (2003)]

Also at the sentencing hearing, the State argued that the seriousness of the offenses was aggravated because defendant was aware of what the victim's father had done to her and knew about the resulting emotional and psychological trauma. According to the prosecutor, defendant and Grace King had held themselves out as able to provide a safe haven to which the victim could escape what had occurred in South Carolina, but, instead of providing such a place, defendant targeted her as a sexual victim again. The victim acknowledged at the hearing that the incidents with her biological father had not involved intercourse and that the first time she had had intercourse was with defendant. She did not add anything further, nor did her mother or stepfather.

The State then argued that defendant's conduct—holding himself out as providing a safe haven but instead further victimizing a child who was already traumatized—should constitute a nonstatutory aggravating factor. The court asked whether the victim had undergone any psychological testing. The prosecutor conferred with the victim's mother and then informed the court that the victim was in counseling but that he had not seen any testing or reports. The prosecutor also informed the court, per the wishes of the victim's mother, that defendant's conduct had virtually destroyed the relationship between Grace King, her sister, and her.

Defendant's attorney informed the court that defendant had a long history of alcohol problems, that he had been in treatment for them, and that he had worked for 17 years as a carpet installer. The attorney presented the court with a letter from defendant's employer and a letter from defendant's landlord attesting to defendant's character. He then submitted as statutory mitigating factors defendant's longtime problems with alcohol, his acknowledgment of wrongdoing and acceptance of responsibility, and his positive employment history. The court found these as mitigating factors.

As nonstatutory aggravating factors, the court found that although there was "not evidence before the Court as to whether or not the condition is permanent, the Court does find that psychological injury suffered by the victim as a result of the Defendant's conduct is debilitating and has required psychological counseling." The court also found that defendant's conduct devastated the support group that the victim should have been able to turn to and that his conduct would affect her ability to recover successfully.

The court then concluded that the aggravating factors outweighed the mitigating factors. Accordingly, the court sentenced defendant in the aggravated range on each count: 36 to 53 months on both counts of sexual activity by a substitute parent and 24 to 29 months on both counts of indecent liberties with a child, to run consecutively. Defendant appeals his sentence.

By his first and only assignment of error, defendant contends that the State presented insufficient evidence to support the trial court's finding that the victim suffered debilitating psychological injuries. In defendant's view, the prosecutor's statement, standing alone, is not sufficient to support the court's finding of this aggravating factor. We agree.

Under the Structured Sentencing Act, the trial court must impose a sentence within the statutorily set presumptive range unless it determines that aggravating or mitigating factors warrant a greater or lesser sentence. N.C. Gen. Stat. § 15A-1340.16(a) (2001). The trial court is required to consider evidence of these aggravating or mitigating factors, but whether to depart from the presumptive range is within the trial court's discretion. *Id.* The State bears the burden of proving aggravating factors by a preponderance of the evidence. *State v. Kemp*, 152 N.C. App. 231, 240, 569 S.E.2d 717, 722, *disc. review denied*, 356 N.C. 441, 573 S.E.2d 158 (2002). Where the State presents insufficient evidence to support an aggravating factor, the defendant is entitled to a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983).

It is well established that trial courts cannot find an aggravating factor where the only evidence to support it is the prosecutor's mere assertion that the factor exists. In *State v. Brown*, 312 N.C. 237, 321 S.E.2d 856 (1984),[1] for example, the trial court found as an aggravating factor that the defendant's conduct caused severe mental injury to the victim. The only evidence offered by the State in support was a statement by the district attorney that he had been told by the victim's husband that the victim had entered the hospital after testifying at trial, that she had been heavily sedated, and that she was resting at home. *Id.* at 250, 321 S.E.2d at 863. The husband did not testify, nor

---

1. Although *Brown*, and other cases cited in this opinion, were decided under the predecessor to the Structured Sentencing Act, our analysis is not affected. Under both the Structured Sentencing Act and the Fair Sentencing Act, the State is required to prove aggravating factors by a preponderance of the evidence. *See* N.C. Gen Stat. § 15A-1340.16(a) (2001) (Structured Sentencing Act); N.C. Gen. Stat. § 15A-1340.4(a) (repealed 1995) (Fair Sentencing Act).

did the State offer any medical testimony or reports. *Id.* "Since there was no evidence to support a finding that defendant caused [the victim's] hospitalization during the trial other than the prosecutor's reiteration of [the husband's] statement that she was confined to bed and heavily sedated," the court held that the trial judge erred in finding the aggravating factor. *Id.*

Similarly in *State v. Jones*, 104 N.C. App. 251, 409 S.E.2d 322 (1991), the trial court found as an aggravating factor that the defendant inflicted physical injury on the victim that caused great monetary damage. Again, however, the evidence concerning the victim's medical bills and lack of insurance was placed before the court "solely by the oral representation of the prosecuting attorney." *Id.* at 256, 409 S.E.2d at 325. No bills or records were submitted. The victim did not testify nor did the defendant stipulate to the amounts or existence of the medical bills. Accordingly, the court held that the State presented insufficient evidence to support the aggravating factor and awarded the defendant a new sentencing hearing. *Id.;* see also *State v. Canady*, 330 N.C. 398, 399-400, 410 S.E.2d 875, 876-77 (1991) (new sentencing hearing where only evidence of defendant's prior convictions, an aggravating factor, was prosecutor's statement to that effect); *State v. Thompson*, 309 N.C. 421, 424-25, 307 S.E.2d 156, 159 (1983) ("We also agree . . . that the prosecuting attorney's statement concerning a prior conviction . . . constituted insufficient evidence to support a finding of that prior conviction"). Cf. *State v. Shea*, 80 N.C. App. 705, 707, 343 S.E.2d 437, 439 (where defendant made the opposite argument—i.e., that statements made by the prosecutor established mitigating factors, the court held that "[t]hese statements . . . were not competent evidence, and the trial court, therefore, did not err in failing to find these mitigating factors"), *cert. denied*, 317 N.C. 713, 347 S.E.2d 452 (1986); *State v. Swimm*, 316 N.C. 24, 32, 340 S.E.2d 65, 71 (1986) ("absent a stipulation by the prosecution, statements made by defense counsel during argument at the sentencing hearing do not constitute evidence [that] would support a finding of nonstatutory mitigating factors").

Here, the trial court concluded, in essence, that the victim was psychologically injured by defendant, that the injury was debilitating, and that, as a result of defendant's conduct, the victim was in ongoing psychological counseling. These findings were based on the court asking the prosecutor whether the State had "any evidence of any psychological testing that has been done as to the young woman involved." After conferring with the victim's mother, the prosecutor

informed the court that the victim was "currently engaged with counseling with Burke Family Resources, your Honor. But I have not seen any of the testing or summary reports on that." There was no other evidence of the victim's symptoms or of the nature or time frame of the counseling.

As in *Brown* and *Jones*, the prosecutor here tendered no evidence about the victim's psychological injuries other than his own statement. He offered no reports, no bills, no forms. The victim did not testify, nor did her mother; their only participation came when the prosecutor conferred with the victim's mother before informing the court about the counseling. Defendant did not stipulate to the statement. See *Swimm*, 316 N.C. at 32, 340 S.E.2d at 71 ("Such statements may, of course, constitute adequate evidence of the existence of aggravating or mitigating factors if the opposing party so stipulates."). Further, even though defendant did not contest the information, "[w]e do not feel that a defendant's silence while the prosecuting attorney makes a statement should support an inference that the defendant consented to the statement." *Canady*, 330 N.C. at 400, 410 S.E.2d at 877.

And, even if we were to consider the prosecutor's declaration as evidence that the victim's psychological injuries were debilitating to an extent that required counseling, the prosecutor made no statement and presented no evidence to the effect that defendant's conduct resulted in the need for the ongoing psychological counseling. Certainly such a correlation is logical, but the record provides no basis for such a finding. As the cases cited above reflect, the evidentiary link must consist of more than a bald assertion by the prosecutor. Because we hold that the record does not adequately support the nonstatutory aggravating circumstance found by the trial court here, defendant is entitled to a new sentencing hearing. Ahearn, 307 N.C. at 602, 300 S.E.2d at 701.

Remanded for resentencing.

Judges TIMMONS-GOODSON and CAMPBELL concur.

Judge Campbell concurred prior to 1/1/03.