**STATE v. HARRISON**

[164 N.C. App. 693 (2004)]

STATE OF NORTH CAROLINA v. JEFFREY RAY HARRISON

No. COA03-84

(Filed 1 June 2004)

**1. Sentencing— aggravating factors—consolidated counts— same elements as offenses**

There was no error in the use of aggravating factors when sentencing a defendant for consolidated counts of forgery and other offenses. Although defendant contended that the two factors used to enhance the sentence were elements of the offenses, a consolidated judgment with equally classified offenses can be aggravated by any factor that is an element of one but not all of the offenses.

**2. Sentencing— aggravating factor—sufficiency of evidence**

There was sufficient evidence of an aggravating factor where the State summarized and the defendant stipulated to the factual basis of defendant's plea and the factor.

**3. Sentencing— mitigating factor—completion of drug treatment—defendant's credibility**

The trial court did not err by failing to adopt as a mitigating factor defendant's completion of drug treatment. Defendant produced no documentation, and there were discrepancies bearing on defendant's credibility. N.C.G.S. § 15A-1340.16(e)(16).

**4. Sentencing— not disproportionate—30 felonies**

Defendant's sentence was not disproportionate and did not constitute cruel and unusual punishment where he received 210-261 months as an habitual felon, pursuant to a plea bargain, for 30 felony offenses, including assault with a deadly weapon on a government official.

Appeal by defendant from judgment entered 29 May 2002 by Judge James R. Vosburgh in Beaufort County Superior Court. Heard in the Court of Appeals 30 October 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Hosford & Hosford, P.L.L.C., by Sofie W. Hosford, for defendant-appellant.*

CALABRIA, Judge.

Jeffrey Ray Harrison ("defendant") pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162 (1970) on 28 May 2002 in Beaufort County Superior Court on twelve counts each of forgery and uttering forged papers, five counts of having attained habitual felon status, one count of assault with a deadly weapon on a government official, one count of fleeing to elude arrest with a motor vehicle, one count of possession of a stolen vehicle, and three counts of obtaining property by false pretenses. Pursuant to defendant's plea bargain with the State, all counts were consolidated for judgment and defendant was sentenced as a habitual felon in the class C felony range. The court found no mitigating factors and two aggravating factors: the offense was committed for the purpose of avoiding or preventing a lawful arrest (the "first factor") and defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person (the "second factor"). The court determined defendant's prior record level as a level VI and imposed a sentence of a minimum term of 210 to a maximum term of 261 months in the North Carolina Department of Correction. Defendant appeals.

Prior to 11 June 2001, defendant stole a truck belonging to Donnie Baker. Inside the truck were various items of personal property, including a checkbook and tools. Defendant pawned the tools and presented numerous forged checks at several locations. At approximately 8:00 a.m. on 11 June 2001, defendant attempted to present another forged check at Food Lion. Food Lion employees recognized the check was forged and summoned officers from the Washington Police Department. A high-speed chase ensued, at times reaching speeds in excess of 100 mph. During his attempt to elude law enforcement, defendant tried to ram his vehicle into one driven by Officer Hails, who was involved in the pursuit, and forced him off the road. The chase commenced in Beaufort County and continued into Pitt County, where defendant abandoned the stolen vehicle. Defendant fled on foot to Martin County, where he was ultimately apprehended.

While the case was pending, defendant was incarcerated and overheard incriminating statements by another inmate concerning the attempted murder of a police officer. Defendant's cooperation regarding the incriminating statements he overheard prompted defendant's plea bargain with the State. Defendant appeals, asserting the trial court erred in (I) finding aggravating factors and imposing an aggravated sentence because such factors were elements of the

charged offenses; (II) finding aggravating factors where there was insufficient evidence to support them; (III) failing to find any mitigating factors; and (IV) imposing a cruel and unusual sentence.

## I. Elements of the Charged Offense

**[1]** Defendant assigns error to the trial court's use of the two aggravating factors to enhance the sentence imposed on the grounds that the factors constituted elements of the offenses to which defendant pled guilty. Specifically, defendant contends the trial court erred because the first factor constitutes an element of the offense of fleeing to elude arrest and the second factor constitutes an element of the offense of assault with a deadly weapon on a law enforcement officer.

"Evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation . . . ." N.C. Gen. Stat. § 15A-1340.16(d) (2003).

> [W]hen separate offenses of different class levels are consolidated for judgment, the trial judge is required to enter judgment containing a sentence for the conviction at the highest class. Accordingly, the trial judge is limited to the statutory sentencing guidelines, set out at N.C.G.S. § [15A-]1340.17(c), for the class level of the most serious offense, rather than any of the lesser offenses in that same consolidated judgment. The trial court may, however, depart from the appropriate sentencing guidelines for the most serious offense upon finding that aggravating or mitigating factors exist.

*State v. Tucker*, 357 N.C. 633, 637, 588 S.E.2d 853, 855 (2003). Aggravating factors found by the trial court and applied to the sentence entered on a consolidated judgment "necessarily only apply to the offense in the judgment which provides the basis for the sentencing guidelines." *Id.* Accordingly, "aggravating factors applied to the sentence for a consolidated judgment will only apply to the most serious offense in that judgment." *Id.*

Unlike *Tucker*, each of the offenses in the instant case were equally classified as class C felonies by virtue of defendant's status as a habitual felon. Accordingly, each offense is equally the highest classified offense in the consolidated judgment and each offense could provide the basis for the sentencing guidelines. Where multiple offenses are equally classified, we hold the consolidated judgment can be aggravated by any factor that is an element of one, but not all, of the offenses.

Although the findings in the judgment do not specify to which offense each aggravating factor applies, the transcript indicates the trial court found the assault was committed for the purpose of avoiding or preventing a lawful arrest. There is no error in the trial court's application of the first factor to this offense. Moreover, we note defendant asserts the second factor, that defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person, is an element of assault with a deadly weapon on a law enforcement officer, but it is not an element of the offense of fleeing to elude arrest, which had also been elevated to a class C offense. Accordingly, the court correctly found both of these aggravating factors, even though the judgments were consolidated, since each factor could apply to a co-equal highest class offense in the consolidated judgment.

## II. Insufficient Evidence

**[2]** Defendant asserts there was insufficient evidence supporting the aggravating factors found by the trial court, and the trial court merely accepted the prosecutor's assertion that the factors existed. "Under the Structured Sentencing Act, the trial court must impose a sentence within the statutorily set presumptive range unless it determines that aggravating or mitigating factors warrant a greater or lesser sentence." *State v. Radford,* 156 N.C. App. 161, 164, 576 S.E.2d 134, 136 (2003) (citing N.C. Gen. Stat. § 15A-1340.16(a) (2001)). Deviation from the presumptive range is "in the discretion of the court." N.C. Gen. Stat. § 15A-1340.16(a) (2003). The State bears the burden of proving, by a preponderance of the evidence, that an aggravating factor exists. *Radford,* 156 N.C. App. at 164, 576 S.E.2d at 136. Where the evidence supporting the existence of an aggravating factor consists merely of a prosecutor's assertion, the State has not carried its burden, and defendant is entitled to a new sentencing hearing. *Radford,* 156 N.C. App. at 164, 576 S.E.2d at 136-37. Where defendant, however, stipulates to the existence of an aggravating factor, the prosecutor's statements constitute adequate evidence. *State v. Swimm,* 316 N.C. 24, 32, 340 S.E.2d 65, 71 (1986).

Regarding the first factor, the State summarized and defendant stipulated to the factual basis for defendant's plea. This stipulated summary included evidence that defendant tried to ram into the vehicle driven by a pursuing officer "in [an] effort to elude law enforcement." Indeed, in responding to the State's request for this aggravating factor, defendant stated, "Your Honor, I believe that for

[the first factor], certainly what he said was correct but because that aggravating factor and some of the elements of one of the offenses and all of the offenses are consolidated, I would argue to the Court that we can't use that as an aggravating factor." We hold there was a preponderance of the evidence supporting the trial court's finding of this aggravating factor.

Regarding the second factor, we again note the State summarized and defendant stipulated to the pertinent facts supporting this factor. These facts include the following: defendant was involved in a high-speed chase beginning in Washington on Fifteenth Street and continuing at speeds in excess of 100 mph; defendant was chased by law enforcement across two counties in a car; and defendant's flight commenced around 8:00 a.m. on a weekday, which the court observed was "a busy time of day." Based on these facts, there was a preponderance of evidence supporting the trial court's finding of this aggravating factor, and this assignment of error is overruled.

III.  Mitigating Factor

[3] Defendant next asserts the trial court erred in failing to adopt defendant's testimony concerning his completion of a drug treatment program while incarcerated in support of the following mitigating factor: "[t]he defendant has entered and is currently involved in or has successfully completed a drug treatment program or an alcohol treatment program subsequent to arrest and prior to trial." N.C. Gen. Stat. § 15A-1340.16(e)(16) (2003). Unlike aggravating factors, "the offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists." N.C. Gen. Stat. § 15A-1340.16(a).

Defendant offered testimony that he had taken a drug treatment program during his incarceration, that it was a "six-week intensive narcotics program," and that it was "under DART." Nonetheless, defendant could produce no documentation substantiating his testimony. In addition, the trial court noted that the DART program was, in actuality, a 90-day program. Moreover, defendant testified he "never had no [sic] violent crimes" but admitted on cross-examination that he had been convicted of assault with a deadly weapon on a government official and robbery. Finally, the trial court had before it twelve charges of forgery and uttering forged papers, three counts of obtaining property by false pretenses, and a prior record level indicating, *inter alia*, twenty-six previous convictions of obtaining property by false pretenses and three counts of uttering forged instruments, all of which bore upon defendant's truthfulness.

After the trial court observed the demeanor of the witness and noted the discrepancies in defendant's testimony, the court could find that defendant's self-serving testimony, bolstered only by his impeached credibility, did not constitute a preponderance of the evidence supporting a finding in mitigation that defendant had successfully completed a drug treatment program. This assignment of error is overruled.

IV. Cruel and Unusual Punishment

[4] Finally, defendant asserts the sentence imposed in the case *sub judice* is "so disproportionate to the charge that it results in an unconstitutional infliction of cruel and unusual punishment [and] violates the eighth and fourteenth amendments to the United States Constitution." Our state has "made a deliberate policy choice that individuals who have repeatedly engaged in serious or violent criminal behavior, and whose conduct has not been deterred by more conventional approaches to punishment, must be isolated from society in order to protect the public safety." *Ewing v. Cal.*, 538 U.S. 11, 24, 155 L. Ed. 2d 108, 119 (2003). We have often reiterated our Supreme Court's holding that "[o]nly in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." *State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983). In defendant's plea transcript, he acknowledged that he understood the charges attached to the plea transcript carried a total punishment of 1874 months or 156.17 years. Defendant received, pursuant to a plea bargain with the State, only 210 to 261 months in the North Carolina Department of Correction as a habitual felon for a total of thirty felony offenses, including an assault with a deadly weapon on a government official. In *State v. Hensley*, 156 N.C. App. 634, 577 S.E.2d 417, *disc. rev. denied*, 357 N.C. 167, 581 S.E.2d 64 (2003), we upheld an active sentence of 90 to 117 months based on a defendant's habitual felon status and the commission of one nonviolent substantive offense. We find no merit to defendant's assertion, and this assignment of error is overruled.

Affirmed.

Judge McGEE concurs.

Judge HUDSON concurs in the result.